# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | |
|---|---|
| JERMAINE DOCKERY, DAVID THOMPSON, JEFFERY COVINGTON, JOSEPH OSBORNE, COURTNEY GALLOWAY, PHILLIP FREDENBURG, JOHN BARRETT, TAFFOREST CHANDLER, DERRICK HAYES, ERIC WARD, CHRISTOPHER LINDSEY, DEXTER CAMPBELL, ALVIN LUCKETT, JAMES VANN, BENJAMIN McABEE, and ANTHONY EVANS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER EPPS, in his official capacity as Commissioner of the Mississippi Department of Corrections, GLORIA PERRY, in her official capacity as Chief Medical Officer for the Mississippi Department of Corrections, and ARCHIE LONGLEY, in his official capacity as Deputy Commissioner for Institutions of the Mississippi Department of Corrections, <br><br> Defendants. | Civil Action No. 3:13cv326-TSL-JMR |

## MOTION FOR PROTECTIVE ORDER AGAINST RETALIATION, INTIMIDATION, AND COERCION

Plaintiffs ask the Court to enter a Protective Order pursuant to Federal Rules of Civil Procedure 23(d)(1), the All Writs Act, 28 U.S.C. § 1651, and its inherent authority to manage the administration of justice, restraining Defendants' agents, contractors, and employees from retaliating against, threatening, coercing, assaulting, or otherwise punishing prisoners in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional

Facility ("EMCF") in order to thwart or chill their participation in the above-captioned lawsuit. Plaintiffs further ask the Court to require Defendants to take all necessary and reasonable measures to prevent such wrongful conduct by their agents, contractors, and employees.

I.

There is a long-standing and pervasive pattern of excessive force and violence at EMCF by security staff, as well as intimidation, punishment, retaliation and coercion by prison employees and contractors perpetrated against prisoners who seek to exercise their fundamental rights to seek redress for grievances concerning the conditions of their confinement.

II.

On May 30, 2013, sixteen prisoners confined at EMCF filed the instant action on behalf of themselves and all others similarly situated. They allege that Defendants' policies and practices subject them to unconstitutional conditions of confinement, including deliberate indifference to their serious medical and mental health needs; failing to protect them from violence; subjecting them to dangerous living conditions, including filth, vermin, and human waste and brutality by staff; exposing them to substantial risks of serious harm from solitary confinement; and failing to provide adequate nutrition.

III.

During counsel's investigation of this action, many prisoners informed Plaintiffs' Counsel that prison staff were threatening, punishing, violently abusing and otherwise retaliating against prisoners for meeting with Plaintiffs' counsel, filing grievances, or otherwise complaining about conditions of confinement.

IV.

Plaintiffs' fears are reasonable and derive from being subjected to a pattern of coercion, intimidation, and physical force. Plaintiffs are also routinely provided with misleading information when they attempt to use the prison's grievance system.

V.

As detailed in the Memorandum of Law in Support of this Motion and stated in accompanying declarations, prisoners at EMCF have good reason to fear that they will suffer retaliation if they come forward as witnesses or otherwise participate in this lawsuit.

VI.

A court order is necessary to protect witnesses from violence, intimidation and retaliation by Defendants' employees, agents, and contractors, and all those acting in concert with them.

VII.

For all the foregoing reasons, Plaintiffs therefore request that the Court enter an order:

(1) prohibiting Defendants, their officers, agents, contractors, employees, and all those acting in concert with them from retaliating against, physically abusing, punishing, intimidating, coercing or harassing prisoners at EMCF who complain about the conditions of their confinement;

(2) prohibiting Defendants, their officers, agents, contractors, employees, and all those acting in concert with them from attempting to thwart and obstruct the efforts of prisoners at EMCF to participate in a legal challenge or to communicate with attorneys about the conditions of their confinement;

(3) prohibiting Defendants, their officers, agents, contractors, employees, and all those acting in concert with them from providing deceptive or misleading

          information about the Administrative Remedy Program, forging documents related to the program, or otherwise obstructing prisoners seeking remedies through the program;

(4)    prohibiting Defendants, their officers, agents, contractors, employees, and all those acting in concert with them including, interrogating prisoners about their participation in this lawsuit, their conversations with Plaintiffs' Counsel, or otherwise attempting to deter prisoners from participating in this lawsuit;

(5)    requiring Defendants to post a copy of the requested Protective Order in all housing and common areas at EMCF and to distribute the policy to all prisoners held in segregation at EMCF; and requiring Defendants to take all necessary and reasonable measures to prevent such wrongful conduct by their agents, contractors, and employees.

RESPECTFULLY SUBMITTED, this 30th day of May, 2013.

                    s/Jody E. Owens, II
                    Jody E. Owens, II, MS Bar # 102333
                    Elissa Johnson, MS Bar #103852
                    Southern Poverty Law Center
                    111 E. Capitol Street, Suite 280
                    Jackson, MS39201
                    Phone: 601-948-8882
                    Fax: 601-948-8885
                    jody.owens@splcenter.org
                    elissa.johnson@splcenter.org

Gabriel B. Eber (*pro hac vice* to be filed)
Margaret Winter (*pro hac vice* to be filed)
Ajmel Quereshi (*pro hac vice* to be filed)
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: 202-393-4930
Fax: 202-393-4931
geber@npp-aclu.org
mwinter@npp-aclu.org
aquereshi@npp-aclu.org

Elizabeth Alexander (*pro hac vice* to be filed)
Law Offices of Elizabeth Alexander
1416 Holly St., NW
Washington, DC 20012
Phone: 202-291-3774
ealexander@lawofficesofelizabethalexander.com