**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JERMAINE DOCKERY, ET AL.**                                         **PLAINTIFFS**

**VS.**                                   **CIVIL ACTION NO. 3:13CV326-TSL-JMR**

**CHRISTOPHER EPPS, in his official capacity as**
**Commissioner of the Mississippi Department of**
**Corrections, ET AL.**                                              **DEFENDANTS**

---

## ANSWER AND DEFENSES OF DEFENDANTS
---

Defendant Christopher Epps, in his official capacity as Commissioner of the Mississippi Department of Corrections; Gloria Perry, in her official capacity as Chief Medical Officer for the Mississippi Department of Corrections; and Archie Longley, in his official capacity as Deputy Commissioner for Institutions of the Mississippi Department of Corrections (collectively "defendants") file this their Answer and Defenses to the Plaintiffs' Complaint [Docket No. 1] and state:

## GENERAL DENIAL

The Defendants affirmatively deny that they, or any of them, violated any duty allegedly owed to Plaintiffs under the Constitution and laws of the United States, or under the Constitution and laws of any state including the State of Mississippi.  Further, any allegation not specifically admitted below is hereby denied.

## ANSWER

Defendants respond to the complaint, paragraph-by-paragraph, as follows:

## INTRODUCTION

1.      Defendants admit that they are officials with the Mississippi Department of Corrections and have the corresponding authority of their positions.  Defendants further admit that the East Mississippi Correctional Facility ("EMCF") houses inmates with mental illnesses.  All remaining allegations contained in paragraph 1 are denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.  Defendants admit only that the contract with Management and Training Corporation and GEO Group, Inc. referenced in paragraph 6 speak for themselves. All remaining allegations contained in paragraph 6 are denied.

7.      Denied.

8.      Denied.  Defendants admit that Walnut Grove Youth Correctional Facility is the subject of an entirely separate lawsuit and the document referenced in paragraph 8 speaks for itself.  Defendants further admit that EMCF houses inmates with mental illnesses.  All remaining allegations contained in paragraph 8 are denied.

9.      The vague allegations in paragraph 9 have no date and are denied as stated. Defendants admit only that the document referenced in paragraph 9 speaks for itself. All remaining allegations contained in paragraph 9 are denied.

10.      Denied.

11.      The Defendants admit that the State of Mississippi has a duty to provide

constitutionally sufficient conditions.  The remaining allegations in paragraph 11 are denied.

## JURISDICTION

12.    Denied as stated.  Defendants admit only, without waiver of their affirmative defenses in this matter, that the statutes referenced in paragraph 12 speak for themselves.  All remaining allegations contained in paragraph 12 are denied.

## VENUE

13.    Denied as stated.  Defendants admit only, without waiver of their affirmative defenses in this matter, that the statute referenced in paragraph 13 speaks for itself. All remaining allegations contained in paragraph 13 are denied.

## PARTIES

## NAMED PLAINTIFFS

14.    Defendants admit that plaintiffs are persons currently or formerly incarcerated at EMCF.  All remaining allegations contained in paragraph 14 are denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

**DEFENDANTS**

22.     Denied as stated.  Defendants admit Christopher Epps is the Commissioner of the Mississippi Department of Corrections and the statutes and documents referenced in paragraph 22 speak for themselves.  All remaining allegations in paragraph 22 are denied.

23.     Denied as stated.  Defendants admit Archie Longley is the Deputy Commissioner for Institutions with the Mississippi Department of Corrections, replaced former Deputy Commissioner Emmitt Sparkman in that position on May 1, 2013, and the statutes and documents referenced in paragraph 23 speak for themselves.  All remaining allegations in paragraph 23 are denied.

24.     Denied as stated.  Defendants admit Gloria Perry is the Chief Medical Officer for the Mississippi Department of Corrections and a board-certified physician, and the documents referenced in paragraph 24 speak for themselves.   All remaining allegations in paragraph 24 are denied.

**FACTUAL ALLEGATIONS**

**SOLITARY CONFINEMENT**

25.     Denied.

26.     Denied.

27.     Denied.

28.     The Defendants are without sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 28 and deny the allegations on that basis.  The remaining allegations in paragraph 28 are denied.

-4-

29.     Many of the vague allegations in paragraph 29 contain no date and are denied as stated.  All other allegations are denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Many of the vague allegations in paragraph 35 contain no date and are denied as stated.  All other allegations are denied.

**The "Dead Area"**

36.     Denied.

37.     Denied.

**"Some Guys Can't Take it Anymore"**

38.     Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 38 speak for themselves.  All remaining allegations contained in paragraph 38 are denied.

39.     Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 39 speak for themselves.  All remaining allegations contained in paragraph 39 are denied.

40.     Many of the vague allegations in paragraph 40 contain no date and are denied as stated.  All other allegations are denied.

**Jermaine Dockery**

    41.     Denied.

    42.     The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 42 and deny them on that basis.

    43.     The Defendants lack sufficient knowledge to admit or deny the allegations in the first three sentences and deny them on that basis.  The remaining allegations in paragraph 43 are denied.

    44.     Denied.

    45.     Denied.

    46.     Denied.

**John Doe Jr.: a Child in Solitary Confinement**

    47.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 47 and deny the allegations on that basis.

    48.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 48 and deny the allegations on that basis.

    49.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 49 and deny the allegations on that basis.

    50.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 50 and deny the allegations on that basis.

    51.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 51 and deny the allegations on that basis.

    52.     The Defendants are without sufficient knowledge to admit or deny the vague

allegations in paragraph 52 and deny the allegations on that basis.

53.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 53 and deny the allegations on that basis.

54.     The vague allegations in paragraph 54 have no date and are denied as stated.

**Timothy Hogan**

55.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 53 and deny the allegations on that basis.

56.     The Defendants admit that Hogan is being treated for mental illness and deny the remaining allegations in paragraph 56.

57.     Denied.

58.     Denied.

**V'nell Miskell**

59.     The Defendants admit that Miskell is being treated for mental illness and deny the remaining allegations.

60.     Denied.

61.     Denied.

**Rotheleo Dixon**

62.     The Defendants admit that Dixon is being treated for mental illness.  The remaining allegations are denied.

**Derrick Hayes**

63.     The Defendants admit that Hayes is being treated for mental illness.  The remaining allegations are denied.

**Michael Williams**

64.     The Defendants admit that Williams is being treated for mental illness.   The remaining allegations are denied.

65.     The vague allegations in paragraph 65 contain no date and are denied as stated.

66.     The vague allegations in paragraph 66 contain no date and are denied as stated.  All other allegations are denied.

67.     The vague allegations in paragraph 67 contain no date and are denied as stated.

**Van "Peyton" Kendrick**

68.     Denied.

**The Death of Richard Roe**

69.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 69 and deny the allegations on that basis.

70.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 70 and deny the allegations on that basis.

71.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 71 and deny the allegations on that basis.

72.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 72 and deny the allegations on that basis.

**The Death of "Victor Voe"**

73.     The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 73 and deny the allegations on that basis.

74.     The Defendants are without sufficient knowledge to admit or deny the vague

allegations in paragraph 74 and deny the allegations on that basis.

**MENTAL HEALTH CARE**

75.    The Defendants admit that EMCF houses and treats some inmates with mental illnesses.  The remaining allegations are denied.

76.    Denied as stated.  Defendants admit only that any records and documents referenced in paragraph 76 speak for themselves.   All remaining allegations contained in paragraph 76 are denied.

**Extreme Isolation, Idleness, and Lack of Access to Basic Mental Health Care**

77.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 77 speak for themselves.  Any and all remaining allegations contained in paragraph 77 are denied.

78.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 78 speak for themselves.  Any and all remaining allegations contained in paragraph 78 are denied.

79.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 79 speak for themselves.  Any and all remaining allegations contained in paragraph 79 are denied.

80.    Denied.

81.    Denied.

82.    Denied.

**From Bad to Worse to Deadly**

83.    Denied.

84.   The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 84 and deny the allegations on that basis.

85.   The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 85 and deny the allegations on that basis.

86.   The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 86 and deny the allegations on that basis.

87.   The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 87 and deny the allegations on that basis.

88.   The Defendants are without sufficient knowledge to admit or deny the vague allegations in paragraph 88 and deny the allegations on that basis.

**Defendants Cut Access to Psychiatric Care for Seriously Mentally Ill Prisoners**

89.   The Defendants admit that Health Assurance LLC now provides mental health services at EMCF.  The remaining allegations are denied.

90.   The Defendants state that the contract terms speak for themselves and include psychiatrists visits twice a week.  The Defendants deny the remaining allegations in paragraph 90.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   The vague allegations in paragraph 95 contain no date and are denied as stated.  All other allegations are denied.

96.    Denied.

97.    Denied.

98.    The vague allegations in paragraph 98 contain no date and are denied as stated.

**Steven Pierce**

99.    The Defendants admit that Pierce is being treated for mental illness and deny the remaining vague allegations.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

**Anthony Evans**

104.   The vague allegations in paragraph 104 contain no date and are therefore denied.

105.   The Defendants admit that Evans was transferred to EMCF and deny the remaining allegations.

106.   The Defendants admit that Evans is being treated for mental illness and deny the remaining vague allegations.

107.   Denied.

108.   Denied.

**Joseph Osborne**

109.   The Defendants admit that Osborne is being treated for mental illness and deny the remaining vague allegations.

**Dexter Campbell**

110.  The Defendants admit that Campbell is being treated for mental illness. The Defendants lack sufficient knowledge to admit or deny allegations pertaining to his treatment at other institutions and deny the allegations on that basis. The remaining allegations are denied.

**Tracey Brewer**

111.  The Defendants admit that Brewer is being treated for mental illness. The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 111 and deny the allegations on that basis.

112.  Denied.

**MEDICAL CARE**

**Dangerously Inadequate Medical Care: A Deliberate Choice to Ignore Warnings**

113.  Denied.

114.  Denied as stated. Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 114 speak for themselves. Any and all remaining allegations contained in paragraph 114 are denied.

115.  Denied as stated. Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 115 speak for themselves. Any and all remaining allegations contained in paragraph 115 are denied.

116.  Denied as stated. Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 116 speak for themselves. Any and all remaining allegations contained in paragraph 116 are denied.

117.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 117 speak for themselves.  Any and all remaining allegations contained in paragraph 117 are denied.

**Patients at EMCF Lack Access to Necessary Medical Care**

118.   Denied.

119.   Denied.

120.   The Defendants admit that MDOC has a constitutionally permissible co-payment policy.  The remaining allegations are denied.

**Lack of Access to Critical Medications**

121.   Denied.

122.   The Defendants lack sufficient knowledge to admit or deny allegations in paragraph 122 and deny the allegations on that basis.

123.   Denied.

124.   Denied.

**Failure to Care for Serious Medical Needs: Oral and Eye Care**

125.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 125 speak for themselves.  Any and all remaining allegations contained in paragraph 125 are denied.

126.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 126 speak for themselves.  Any and all remaining allegations contained in paragraph 126 are denied.

127.   The Defendants are without sufficient knowledge to admit or deny the vague

allegations in paragraph 127 and deny the allegations on that basis.

**James Vann**

128. The Defendants admit that Vann receives medical care and deny the remaining allegations.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

**Christopher Lindsey**

133. The Defendants admit Lindsey received mental health and medical treatment and deny the remaining allegations in paragraph 133.

134. Denied.

135. The Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 135 and therefore deny those allegations.

136. The Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 136 and therefore deny those allegations.

137. The Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 137 and therefore deny those allegations.

138. Denied.

139. Denied.

140. Denied.

141. The Defendants admit that Lindsey has impaired sight but deny that medical care at

EMCF has caused or contributed to that condition.

142.     The Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 142 and therefore deny those allegations.

143.     The Defendants are without sufficient knowledge to deny the vague allegations in paragraph 143 and deny them on that basis.

**Benjamin McAbee**

144.     The Defendants admit that McAbee received health care at EMCF and denies the remaining allegations.

145.     Denied.

146.     Denied.

147.     Denied.

148.     Denied.

**Brian Neihaus**

149.     The Defendants are without sufficient knowledge to admit or deny allegations  in paragraph 149 and deny the allegations on that basis.

150.     The Defendants deny that Neihaus has been improperly denied medical care.  The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 150 and deny the allegations on that basis.

151.     The Defendants deny that Neihaus has been improperly denied medical care.  The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 151 and deny the allegations on that basis.

152.     The Defendants deny that Neihaus has been improperly denied medical care.  The

Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 152 and deny the allegations on that basis.

153.   The Defendants deny that Neihaus has been improperly denied medical care. The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 153 and deny the allegations on that basis.

154.   The Defendants deny that Neihaus has been improperly denied medical care. The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 154 and deny the allegations on that basis.

155.   The Defendants deny that Neihaus has been improperly denied medical care. The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 155 and deny the allegations on that basis.

156.   The Defendants admit that Neihaus received surgery and deny that he has been improperly denied medical care. The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 156 and deny the allegations on that basis.

157.   The Defendants admit the Neihaus received chemotherapy and was transferred in January 2013. The remaining allegations are denied.

**Earnest McWilliams**

158.   The Defendants admit that McWilliams is receiving mental health treatment at EMCF. The Defendants deny the remaining vague allegations.

159.   The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 159 and therefore deny the allegations.

160.   The Defendants admit that McWilliams was injured on or about September 2011. The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 160 and deny the allegations on that basis.

161.   The Defendants deny that McWilliams received only minimal medical care.  The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 161 and therefore deny the allegations.

162.   The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 162 and therefore deny the allegations.

163.   The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 163 and therefore deny the allegations.

164.   The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 164 and therefore deny the allegations.

165.   The vague allegations paragraph 165 contain no date and the Defendants deny them on that basis.

166.   The Defendants admit that McWilliams was transferred from EMCF and deny the remaining allegations.

**Pheliphae Coleman**

167.   The Defendants admit that Coleman is receiving mental health and medical treatments at EMCF.  The Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 167 and therefore deny the allegations.

168.   The Defendants lack sufficient knowledge to admit or deny the  allegations in paragraph 168 and therefore deny the allegations.

169.   The Defendants lack sufficient knowledge to admit or deny the  allegations in paragraph 169 and therefore deny the allegations.

170.   The Defendants lack sufficient knowledge to admit or deny the  allegations in paragraph 170 and therefore deny the allegations.

171.   The Defendants lack sufficient knowledge to admit or deny the  allegations in paragraph 171 and therefore deny the allegations.

172.   The Defendants lack sufficient knowledge to admit or deny the  allegations in paragraph 172 and therefore deny the allegations.

173.   The Defendants lack sufficient knowledge to admit or deny the  allegations in paragraph 173 and therefore deny the allegations.

174.   Denied.

175.   The Defendants lack sufficient knowledge to admit or deny the vague allegations in paragraph 175 and therefore deny the allegations.

**Willie Hughes**

176.   The Defendants admit that Hughes is being provided medical care at EMCF.  The remaining allegations are denied.

177.   The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 177 and deny the allegations on that basis.

178.   The Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 178 and deny the allegations on that basis.

179.   Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 179 speak for themselves.  The Defendants

-18-

deny that Hughes has been improperly denied medical treatment.

180.   Denied.

181.   Denied.

**James Kendrick**

182.   Denied.

183.   The allegations in paragraph 183 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

184.   The allegations in paragraph 184 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

185.   The allegations in paragraph 185 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

186.   The allegations in paragraph 186 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

187.   The allegations in paragraph 187 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

188.   The allegations in paragraph 188 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

189.   The allegations in paragraph 189 are denied.  The Defendants further deny that Kendrick has been improperly denied medical treatment.

**ABUSE AND EXCESSIVE FORCE BY STAFF**

**Unchecked Systemic Brutality**

190.   Denied.

191.   Denied.

192.   Denied.

**Excessive Force: The Institutionalized and Wanton Infliction of Pain**

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

202.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 202 speak for themselves.  Any and all remaining allegations contained in paragraph 202 are denied.

**Use of Force against Medically or Psychiatrically Vulnerable Prisoners**

203.   Denied.

**Derrick Hayes**

204.   Denied.

**Larry Walker**

205.   Denied.

206.   Denied.

**Anthony Evans**

    207.    Denied.

**Eric Ward**

    208.    Denied.

**FAILURE TO PROTECT PRISONERS FROM VIOLENCE**

**An Overt Culture of Violence, Threats, and Fear**

    209.    Denied.

**Staff Actively Facilitate and Promote Violent Attacks**

    210.    Denied.

**Phillip Fedenburg**

    211.    Denied.

    212.    Denied.

    213.    Denied.

    214.    Denied.

    215.    Denied.

    216.    Denied.

    217.    Denied.

    218.    Denied.

    219.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 219 speak for themselves.  Any and all remaining allegations contained in paragraph 219 are denied.

    220.    Denied as stated.  Defendants admit only that any documents and/or records used to

produce, and/or specifically referenced in, paragraph 220 speak for themselves. Any and all remaining allegations contained in paragraph 220 are denied.

**Gross Failures to Protect Prisoners from Violence**

221. Denied.

222. Denied as stated. Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 222 speak for themselves. Any and all remaining allegations contained in paragraph 222 are denied.

223. Denied.

224. Denied.

225. Denied as stated. Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 225 speak for themselves. Any and all remaining allegations contained in paragraph 225 are denied.

226. The Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 226 and deny them on that basis.

**William Easterwood: A Victim of Robbery, Rape, and Beatings**

227. The Defendants admit that Easterwood arrived at EMCF in approximately February 2012. The remaining allegations are denied.

228. The Defendants lack sufficient knowledge to admit the allegations in paragraph 228 and deny them on that basis.

229. The Defendants lack sufficient knowledge to admit the allegations in paragraph 229 and deny them on that basis.

230. The Defendants lack sufficient knowledge to admit the allegations in paragraph 230

and deny them on that basis.

**Eric Ward**

231.    The Defendants admit that Ward is receiving mental health care at EMCF.  The

remaining allegations are vague and are denied.

**Staff Endanger Prisoners by Ignoring Fires and Medical Emergencies**

232.    Denied.

**SANITATION AND ENVIRONMENTAL CONDITIONS**

233.    Denied.

234.    Denied as stated.  Defendants admit only that any documents and/or records used to

produce, and/or specifically referenced in, paragraph 234 speak for themselves.  Any

and all remaining allegations contained in paragraph 234 are denied.

235.    Denied as stated.  Defendants admit only that any documents and/or records used to

produce, and/or specifically referenced in, paragraph 235 speak for themselves.  Any

and all remaining allegations contained in paragraph 235 are denied.

236.    Denied as stated.  Defendants admit only that any documents and/or records used to

produce, and/or specifically referenced in, paragraph 236 speak for themselves.  Any

and all remaining allegations contained in paragraph 236 are denied.

237.    Denied as stated.  Defendants admit only that any documents and/or records used to

produce, and/or specifically referenced in, paragraph 237 speak for themselves.  Any

and all remaining allegations contained in paragraph 237 are denied.

238.    The Defendants lack sufficient knowledge to admit or deny the allegations in

paragraph 238 and deny them on that basis.

**Staff Indifference Exacerbates the Dangers**

239.   Denied.

240.   Denied.

241.   Denied.

242.   Denied.

243.   Denied.

**NUTRITION AND FOOD SAFETY**

244.   Denied.

245.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 245 speak for themselves.  Any and all remaining allegations contained in paragraph 245 are denied.

246.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 246 speak for themselves.  Any and all remaining allegations contained in paragraph 246 are denied.

247.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 247 speak for themselves.  Any and all remaining allegations contained in paragraph 247 are denied.

248.   Denied.

249.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 249 speak for themselves.  Any and all remaining allegations contained in paragraph 249 are denied.

250.   Denied.

**A LONG HISTORY OF DELIBERATE INDIFFERENCE**

251.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 251 speak for themselves.  Any and all remaining allegations contained in paragraph 251 are denied.

252.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 252 speak for themselves.  Any and all remaining allegations contained in paragraph 252 are denied.

253.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 253 speak for themselves.  Any and all remaining allegations contained in paragraph 253 are denied.

254.   Denied as stated.  Defendants admit only that any documents, contracts and/or records used to produce, and/or specifically referenced in, paragraph 254 speak for themselves.  Any and all remaining allegations contained in paragraph 254 are denied.

255.   Denied as stated.  Defendants admit only that any documents, contracts and/or records used to produce, and/or specifically referenced in, paragraph 255 speak for themselves.  Any and all remaining allegations contained in paragraph 255 are denied.

256.   Denied as stated.  Defendants admit only that any documents, contracts and/or records used to produce, and/or specifically referenced in, paragraph 256 speak for themselves.  Any and all remaining allegations contained in paragraph 256 are denied.

257.   Denied.

**MDOC Fails to Monitor and Hold its Health Care Contractors Accountable**

258.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 258 speak for themselves.  Any and all remaining allegations contained in paragraph 258 are denied.

259.   Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 259 speak for themselves.  Any and all remaining allegations contained in paragraph 259 are denied.

260.   Denied.

261.   Denied as stated.  Defendants admit only that any documents, contracts and/or records used to produce, and/or specifically referenced in, paragraph 261 speak for themselves.  Any and all remaining allegations contained in paragraph 261 are denied.

262.   Denied as stated.  Defendants admit only that any documents, contracts and/or records used to produce, and/or specifically referenced in, paragraph 262 speak for themselves.  Any and all remaining allegations contained in paragraph 262 are denied.

**RETALIATION FOR SEEKING REDRESS OF GRIEVANCES**

263.   Denied.

**Direct Intimidation and Retaliation by Correctional and Medical Staff**

264.   Denied.

265.   Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 270 speak for themselves.  Any and all remaining allegations contained in paragraph 270 are denied.

271.    Denied.

272.    Denied.

273.    Denied.

**MDOC Avoids Accountability by Abusing the Administration Remedies Program**

274.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 274 speak for themselves.  Any and all remaining allegations contained in paragraph 274 are denied.

275.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 275 speak for themselves.  Any and all remaining allegations contained in paragraph 275 are denied.

276.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 276 speak for themselves.  Any and all remaining allegations contained in paragraph 276 are denied.

277.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 277 speak for themselves.  Any

and all remaining allegations contained in paragraph 277 are denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied as stated.  Defendants admit only that any documents and/or records used to produce, and/or specifically referenced in, paragraph 281 speak for themselves.  Any and all remaining allegations contained in paragraph 281 are denied.

282.    Denied.

283.    Denied.

## CLASS ACTION ALLEGATIONS

### The EMCF Class

284.    Paragraph 284 states legal conclusions that do not require a response from defendants.  If defendants are mistaken in this regard, the allegations contained in paragraph 284 are denied.

285.    The Defendants admit that McAbee and Lindsey are receiving medical treatment at EMCF.  The remaining allegations are denied.

286.    The Defendants admit that Hayes, Covington, Galloway, and Thompson are receiving mental health care at EMCF.  The remaining allegations are denied.

287.    The vague allegations in paragraph 287 are denied.

### Fed. R. Civ. P. 23(a)(1): Numerosity

288.    Denied as stated.  Defendants admit only that EMCF has a capacity of 1500 prisoners.  The remaining allegations in paragraph 288 are denied.

**Fed. R. Civ. P. 23(a)(2): Commonality**

     289.    Denied.

**Fed. R. Civ. P. 23(a)(3): Typicality**

     290.    Denied.

**Fed. R. Civ. P. 23(a)(4): Adequacy of Representation**

     291.    Denied.

**Fed. R. Civ. P. 23(b)(2)**

     292.    Denied.

**The Isolation Subclass**

     293.    Paragraph 293 states legal conclusions that do not require a response from defendants.  If defendants are mistaken in that regard, the allegations contained in paragraph 293 are denied.

     294.    Denied.

**Fed. R. Civ. P. 23(a)(1): Numerosity**

     295.    Denied.

**Fed. R. Civ. P. 23(a)(2): Commonality**

     296.    Denied.

**Fed. R. Civ. P. 23(a)(3): Typicality**

     297.    Denied.

**Fed. R. Civ. P. 23(a)(4): Adequacy of Representation**

     298.    Denied.

**Fed. R. Civ. P. 23(b)(2)**

299.   Denied.

**The Mental Health Subclass**

300.   Paragraph 300 states legal conclusions that do not require a response from defendants.  If defendants are mistaken in that regard, the allegations contained in paragraph 300 are denied.

301.   Denied.

**Fed. R. Civ. P. 23(a)(1): Numerosity**

302.   Denied.

**Fed. R. Civ. P. 23(a)(2): Commonality**

303.   Denied.

**Fed. R. Civ. P. 23(a)(3): Typicality**

304.   Denied.

**Fed. R. Civ. P. 23(a)(4): Adequacy of Representation**

305.    Denied.

**Fed. R. Civ. P. 23(b)(2)**

306.   Denied.

**The Units 5 and 6 Subclass**

307.   Paragraph 307 states legal conclusions that do not require a response from defendants.  If defendants are mistaken in that regard, the allegations contained in paragraph 307 are denied.

**Fed. R. Civ. P. 23(a)(1): Numerosity**

    308.   Denied as stated.  Defendants admit only that units 5 and 6 house approximately 250

           prisoners.  Any and all remaining allegations in paragraph 308 are denied.

**Fed. R. Civ. P. 23(a)(2): Commonality**

    309.   Denied.

**Fed. R. Civ. P. 23(a)(3): Typicality**

    310.   Denied.

**Fed. R. Civ. P. 23(a)(4): Adequacy of Representation**

    311.   Denied.

**Fed. R. Civ. P. 23(b)(2)**

    312.   Denied.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Health Care)**

    313.   Denied.

    314.   Denied.

**Second Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Mental Health Care)**

    315.   Denied.

    316.   Denied.

**Third Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Isolation)**

317.   Denied.

318.   Denied.

**Fourth Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Excessive Force)**

319.   Denied.

320.   Denied.

**Fifth Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Protection from Harm)**

321.   Denied.

322.   Denied.

**Sixth Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Environmental Conditions)**

323.   Denied.

324.   Denied.

**Seventh Claim for Relief**

**(Eighth Amendment and 42 U.S.C. § 1983: Nutrition and Food Safety)**

325.   Denied.

326.   Denied.

**PRAYER FOR RELIEF**

327.   Denied.

328.    Denied, including all allegations contained in subparagraphs A through G.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendants are entitled to, and hereby formally plead and assert, their qualified and official immunities, both state and federal common law and statutory as well as any defenses or other provisions or requirements of the Mississippi Tort Claims Act, to any and all claims alleged against him in the complaint as to both suit and liability, and regardless of whether said claims are alleged under state or federal law.

## THIRD DEFENSE

Plaintiffs' alleged injuries, if any, were not proximately caused by any action or inaction of defendants, were the results of their own action(s) or inaction(s), and/or the action(s) or inaction(s) of third-persons for whom defendants may not be held liable.

## FOURTH DEFENSE

Some or all of plaintiffs' claims are barred by the applicable statute of limitations and/or laches.

## FIFTH DEFENSE

Some or all of plaintiffs' claims are barred by their lack of standing, the doctrine of mootness, because they are not ripe for judicial review, and/or are insufficient so as to warrant an award of injunctive or declaratory relief.

## SIXTH DEFENSE

Some or all of plaintiffs' claims are barred for failure to exhaust administrative remedies.

## SEVENTH DEFENSE

Defendants affirmatively plead all defenses to which they are, or may become entitled to through discovery in this action, under 20 U.S.C. §§ 1400 *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. §§ 12131 *et seq.*, the Prison Litigation Reform Act, and/or any other provisions of federal or state law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

## NINTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of unclean hands, waiver and/or estoppel, and/or res judicata.

## TENTH DEFENSE

To the extent the complaint seeks equitable relief, such claims are barred as plaintiffs' have an adequate remedy at law.

## ELEVENTH DEFENSE

All of plaintiffs' claims for class certification and/or subclass certification fail to meet the requirements for class status pursuant to Fed. R. Civ. P. 23.

## TWELFTH DEFENSE

Defendants affirmatively assert all defenses which are available, or may become available through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

## THIRTEENTH DEFENSE

Neither the State, MDOC, nor the Defendants have a policy or custom that is the cause of the alleged constitutional violations, and/or the policies and customs adopted by the State, MDOC, and the Defendants do not violate the constitution.

FOR THESE REASONS, Defendants Christopher Epps, in his official capacity as Commissioner of the Mississippi Department of Corrections; Gloria Perry, in her official capacity as Chief Medical Officer for the Mississippi Department of Corrections; and Archie Longley, in his official capacity as Deputy Commissioner for Institutions of the Mississippi Department of Corrections respectfully request that their answer and defenses to the plaintiffs' complaint be received and moves the Court for dismissal of the complaint with prejudice, at plaintiffs' sole cost.

THIS the 17th day of July, 2013.

Respectfully submitted,

CHRISTOPHER EPPS, GLORIA PERRY, ARCHIE LONGLEY, Defendants

*s/Harold E. Pizzetta  III*
Harold E. Pizzetta III, MS Bar #99867
Justin L. Matheny, MS Bar #100754
Office of the Attorney General
Post Office Box 220
Jackson, MS 39205
Phone: (601) 359-3860
Fax: (601) 359-2003
Hpizz@ago.state.ms.us
Jmath@ago.state.ms.us

*s/W. Brett Harvey*
Gary E. Friedman, MS Bar #5532
W. Brett Harvey, MS Bar #102440
Phelps Dunbar, LLP
4270 I-55 North
Jackson, MS 39211
Phone: (601) 352-2300
Fax: (601) 360-9777
friedmag@phelps.com
harveyb@phelps.com

*s/Robert H. Pedersen*
Robert H. Pedersen (MSB #4084)
Walter T. Johnson (MSB #8712)

-35-

Watkins & Eager
Post Office Box 650
Jackson, Mississippi 39205
Telephone: 601-965-1846
Facsimile: 601-354-3623
bpedersen@watkinseager.com
wjohnson@watkinseager.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been filed

electronically with the Clerk of the Court using the ECF system and thereby served on all

counsel of record who have entered their appearance in this action.

Jody E. Owens , II
jody.owens@splcenter.org

Ajmel Quereshi - PHV
aquereshi@npp-aclu.org

Elissa F. Johnson

elissa.johnson@splcenter.org

Elizabeth Alexander - PHV
ealexander@lawofficesofelizabethalexander.com

Gabriel B. Eber - PHV

geber@npp-aclu.org

Margaret Winter - PHV

mwinter@npp-aclu.org

THIS the 17th day of July, 2013.

*s/ Harold E. Pizzetta III*
Harold E. Pizzetta III