IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERMAINE DOCKERY, DAVID THOMPSON,
JEFFERY COVINGTON, JOSEPH OSBORNE,
COURTNEY GALLOWAY, PHILLIP
FREDENBURG, JOHN BARRETT,
TAFFOREST CHANDLER, ERIC WARD,
DERRICK HAYES, CHRISTOPHER
LINDSEY, DEXTER CAMPBELL, ALVIN
LUCKETT, JAMES VANN, BENJAMIN
McABEE, and ANTHONY EVANS, on behalf of
themselves and all others similarly situated          PLAINTIFFS

v.                                           Civil Action No. 3:13cv326-TSL-JMR

CHRISTOPHER EPPS, in his official capacity as
Commissioner of the Mississippi Department of
Corrections, GLORIA PERRY, in her official
capacity as Chief Medical Officer for the
Mississippi Department of Corrections, and
ARCHIE LONGLEY, in his official capacity as
Deputy Commissioner for Institutions of the
Mississippi Department of Corrections                 DEFENDANTS
_____

DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF
MOTION TO DISMISS COMPLAINT AS TO PLAINTIFF ERIC WARD
FOR LACK OF SUBJECT MATTER JURISDICTION
_____

Defendants Christopher Epps, Gloria Perry, and Archie Longley, in their official capacities, submit this memorandum brief in support of their *Motion to Dismiss Complaint as to Plaintiff Eric Ward for Lack of Subject Matter Jurisdiction*, filed contemporaneously herewith.

**I. INTRODUCTION**

When he filed this § 1983 action, Plaintiff Eric Ward was incarcerated at East Mississippi Correctional Facility. Since then, he has been transferred to another prison. Because he seeks only

declaratory and injunctive relief in the Complaint, his claims have been mooted by that relocation. Therefore, the Complaint as to Plaintiff Eric Ward must be dismissed for want of subject matter jurisdiction.

## II. ARGUMENT

Federal courts are empowered to hear "cases and controversies" only. U.S. CONST., art. III, § 2. "Accordingly, an actual, live controversy must remain at all stages of federal court proceedings . . . ." *de la O v. Hous. Auth. of City of El Paso*, 417 F.3d 495, 499 (5th Cir. 2005) (quotation marks and citation omitted). In other words, "the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* (quotation marks and citation omitted). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *United States v. Lares-Meraz*, 452 F.3d 352, 354–55 (5th Cir. 2006) (quotation marks and citation omitted).

When a prisoner who requests only declaratory and injunctive relief in a § 1983 action is transferred to another facility, his claims become moot. *Busick v. Neal*, 380 Fed. Appx. 392, 398 (5th Cir. 2010); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Washington v. McMillin*, 2007 WL 4179763, at *2 (S.D. Miss. Nov. 20. 2007). In the Complaint filed on May 30, 2013, Plaintiff Eric Ward seeks only declaratory and injunctive relief under § 1983 with respect to the conditions of his confinement at East Mississippi Correctional Facility ("EMCF"). [Dkt. 1 ¶¶ 1, 328.] Mr. Ward was transferred from EMCF to the Wilkinson County Correctional Facility on June 24, where he remains incarcerated today. (Ex. A, Mississippi Department of Corrections Information Sheet.) Therefore, Mr. Ward's claims are now moot. Accordingly, the Complaint as to Plaintiff Eric Ward should be dismissed for want of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss Complaint as to Plaintiff Eric Ward for Lack of Subject Matter Jurisdiction* should be granted.

This the 26th day of July, 2013.

                                  Respectfully submitted,

                                  CHRISTOPHER EPPS, GLORIA PERRY, and
                                  ARCHIE LONGLEY, Defendants

By:        *s/Harold E. Pizzetta  III*
            Harold E. Pizzetta III, MS Bar #99867
            Justin L. Matheny, MS Bar #100754
            Office of the Attorney General
            Post Office Box 220
            Jackson, MS 39205
            Phone: (601) 359-3860
            Fax: (601) 359-2003
            Hpizz@ago.state.ms.us
            Jmath@ago.state.ms.us

            *s/W. Brett Harvey*
            Gary E. Friedman, MS Bar #5532
            W. Brett Harvey, MS Bar #102440
            PHELPS DUNBAR, LLP
            4270 I-55 North
            Jackson, MS 39211
            Phone: (601) 352-2300
            Fax: (601) 360-9777
            friedmag@phelps.com
            harveyb@phelps.com

                        *s/Robert H. Pedersen*
                        Robert H. Pedersen (MSB #4084)
                        Walter T. Johnson (MSB #8712)
                        WATKINS & EAGER PLLC
                        Post Office Box 650
                        Jackson, Mississippi 39205
                        Telephone: 601-965-1846
                        Facsimile: 601-354-3623
                        bpedersen@watkinseager.com
                        wjohnson@watkinseager.com

                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I, ROBERT H. PEDERSEN, do hereby certify that I have this date electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel of record:

    Jody E. Owens II
    Elissa Johnson
    SOUTHERN POVERTY LAW CENTER
    111 East Capitol Street, Suite 280
    Jackson, Mississippi 39201
    jody.owens@splcenter.org
    Elissa.johnson@splcenter.org

    Gabriel B. Eber
    Margaret Winter
    Amjel Quereshi
    NATIONAL PRISON PROJECT OF THE ACLU
    915 15th Street, NW, 7th Floor
    Washington, D.C. 20005
    geber@npp-aclu.org
    mwinter@npp-aclu.org
    Aquereshi@npp.aclu.org

      Elizabeth Alexander
      LAW OFFICE OF ELIZABETH ALEXANDER
      1416 Holly St., NW
      Washington, D.C.  20012
      ealexander@lawofficesofelizabethalexander.com

      *Counsel for Plaintiffs*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participant:

      NONE

      THIS the 26th day of July, 2013.

      */s/Robert H. Pedersen*