UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE DOCKERY, et al.**                                                                                    **PLAINTIFFS**

**V.**                                                                            **CASE NO.: 3:13-cv-326-WHB-JCG**

**CHRISTOPHER EPPS, et al.**                                                                              **DEFENDANTS**

## ORDER DENYING [157] MOTION TO COMPEL

Before the Court is a motion to compel discovery under Federal Rule of Civil Procedure 37 filed by Plaintiffs on September 4, 2014. [157]. A response was filed by Management Training Corporation on September 25, 2014. [176]. Defendants Christopher Epps, Gloria Perry, and Archie Longly (collectively referred to as "MDOC") filed a joinder to that response on September 25, 2014.[1] [178]. Plaintiffs filed a reply on October 2, 2014. [185]. After reviewing the facts and considering applicable law, the Court finds that the motion should be denied.

## Background

This lawsuit is a putative class action filed by sixteen (16) post-conviction inmates confined at the East Mississippi Correctional Facility (EMCF) while in the custody of the Mississippi Department of Corrections (MDOC).[2] The complaint alleges that the conditions of confinement at EMCF violate the Eighth Amendment's ban against cruel and unusual punishment. Plaintiffs seek prospective injunctive relief aimed at addressing the current and future conditions of confinement at EMCF on behalf of the putative class. The putative class consists of "all persons who are currently, or will be, confined at" EMCF. [1, ¶284].

---

[1] Defendants Christopher Epps, Gloria Perry, and Archie Longly were sued only in their respective capacity as officials of the Mississippi Department of Corrections (MDOC).

[2] Two of the plaintiffs have since been dismissed from this lawsuit. *See* Text Order dismissing Plaintiff Eric Ward on August 19, 2013; *see also* [196] Stipulation of Dismissal as to Plaintiff Dexter Campbell entered on October 14, 2014.

1

The prospective injunctive relief seeks, in part, to address the current and future operations of EMCF. EMCF is operated by Management Training Corporation (MTC) pursuant to a contract with MDOC that became effective July 19, 2012. MDOC has a contractual right of indemnification from MTC for any constitutional claims arising from the operation of EMCF. MTC has operated EMCF at all times since the filing of Plaintiffs complaint.

Plaintiffs' complaint was filed on May 30, 2013. [1]. The complaint seeks certification of the putative class and three (3) proposed subclasses pursuant to Federal Rule of Civil Procedure 23(b)(2). [1, ¶284-312]. On August 14, 2013, the Court entered an order deferring the entry of a scheduling order pending a ruling on class certification. [38] ("Scheduling Deadlines. To be determined upon the Court's ruling on the Motion for Class Certification to be filed by 2/1/2014."). The deadline to file a motion for class certification was subsequently extended to September 25, 2014.[3]

On September 16, 2013, Plaintiffs propounded twenty five (25) document requests to MDOC under Federal Rule of Civil Procedure 34. The instant discovery dispute involves Plaintiffs' Request for Production No. 13, which reads in pertinent part, and with the accompanying definitions of key terms provided by Plaintiffs, as follows:

REQUEST FOR PRODUCTION NO. 13:

All e-mail and other communications sent or received by the following individuals *regarding conditions of confinement*, monitoring and auditing, investigations, or the operation of or at EMCF: … [list of 32 names].

\* \* \*

3. "*Conditions of confinement*" means all circumstances *regarding* the state of being imprisoned.

\* \* \*

---

[3] *See* Text Order on July 15, 2014 ("To allow sufficient time for expert review of the extensive discovery produced, the Court finds that Defendants' expert designation deadline should be extended to August 25, 2014 and the deadline for filing the Motion for Class Action Certification is extended to September 25, 2014.")

2

30. "*Regarding*," … means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, *identifies*, manifests, mentions, pertains directly or indirectly to, reflects, refers to, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

\* \* \*

17. … (d) *identify* in any other context means to provide as much *information regarding* the thing to be identified as is in the possession of MDOC, HALLC, MTC, Defendants or GEO.

\* \* \*

19. "*Information*" means any knowledge you have, any evidence of any type, any facts of which you are aware and any inferences or speculation of which you are aware, all regardless of the source. When information you provide is based solely on inference or speculation, specifically so state in your response …

[157-1].

MDOC timely objected to Request for Production No. 13 on several grounds, including that the discovery request was overly broad and beyond the scope of permissible discovery, on November 27, 2013. [176-6, p.10]. MDOC subsequently produced approximately 107,000 hard copy documents in response to Plaintiffs' discovery requests. Plaintiffs' counsel inspected and copied those documents from February 24 to February 26, 2014.[4] MDOC also subsequently produced an additional 14,563 electronic files in response to Plaintiffs' Request for Production No. 13.[5] The procedures utilized by MDOC in responding to Request for Production No. 13 are described in a declaration signed by the third-party discovery specialist retained to assist MDOC in responding to Plaintiffs' Request for Production No. 13.[6]

Also on February 26, 2014, Plaintiffs served MTC with a subpoena *duces tecum* under Federal Rule of Civil Procedure 45. [86]. Plaintiffs' subpoena contained thirty (30)

---

[4] *Declaration of Mari K. Bonthuis* [157-12, ¶4] ("Between February 24 and February 26, 2014, counsel for Plaintiffs reviewed hard copy documents for production that were made available at EMCF."); *see also* [177, p.12] ("Additionally, MDOC … spent two days with [Plaintiffs'] counsel at EMCF during which they copied an estimated 107,000 pages of documents.").

[5] *Declaration of Christy Ingram Andra* [189-2, ¶13].

[6] *Declaration of Christy Ingram Andra* [189-2, ¶4-12].

document requests that sought the same or similar documents that were previously requested from MDOC and also contained the same or similar definitions of key terms. *Id*. For example, similar to Plaintiffs' Request for Production No. 13 to MDOC, Plaintiffs' Request for Production No. 10 in the subpoena to MTC states:

> REQUEST FOR PRODUCTION NO. 10:
>
> All e-mail and other communications sent or received by the following individuals *regarding conditions of confinement*, monitoring and auditing, investigations, or the operation of or at EMCF: … [list of 58 names].

[86-1].

On March 5, 2014, MTC timely responded to the subpoena and objected to Request for Production No. 10 on several grounds, including that the request was unduly burdensome and beyond the permissible scope of discovery. [176-10]. MTC subsequently filed a motion for protective order on March 17, 2014. [90]. Plaintiffs filed a response on March 31, 2014. [105]. MTC filed its reply on April 14, 2014. [108]. MDOC also filed a joinder to MTC's motion for protective order on April 14, 2014. [109].

From May 19, 2014 to July 31, 2014, respective counsel continued disputing the appropriate scope of the documents requested in Plaintiffs' subpoena.[7] MTC subsequently produced 794 emails and attachments in response to Plaintiffs' Request for Production No. 10 on August 4, 2014.[8]

Plaintiffs filed this motion to compel on September 4, 2014. [157]. Plaintiffs do not seek to compel MTC to further respond to Plaintiffs' subpoena. Instead, Plaintiffs seek only to compel additional discovery pursuant to Federal Rule of Civil Procedure 37. *Id*. The motion seeks an order "(1) compelling [MDOC] and [MTC] to produce all non-privileged emails responsive to Plaintiffs' First Request for Production, including but not limited to

---

[7] *Declaration of Mari K. Bonthuis* [157-12, ¶5-11].
[8] *Declaration of Mari K. Bonthuis* [157-12, ¶12].

4

Request No. 13, (2) requiring that MDOC and MTC bear the full cost of such production, and (3) granting Plaintiffs their fees and costs for obtaining MTC's email production, ..." *Id*. A good faith certificate signed by MTC's counsel is attached as an exhibit to Plaintiffs' motion. [157-26]. A separate good faith certificate signed by the Office of the Attorney General on behalf of MDOC is also attached as an exhibit to Plaintiffs' motion. [157-27].

On September 25, 2014, Plaintiffs timely filed a motion for class certification. [179-182]. Plaintiffs' class certification motion, which includes 81 supporting exhibits, exceeds 1,500 pages in length and is accompanied by an 88-page supporting brief. [183]. The exhibits include six (6) written reports submitted by various medical and safety/security consultants retained by Plaintiffs during discovery.[9] The proffered opinions submitted by each consultant are based, in part, on multi-day inspections of the EMCF premises and observations of EMCF's operations over the course of several consecutive days by each consultant.[10] Plaintiffs also submit seventeen (17) affidavits by different inmates housed at EMCF.[11] The affidavits purportedly describe the inadequate current conditions of confinement and medical treatment of prisoners housed at EMCF.[12] The remaining exhibits consist of various communications, internal memorandums, deposition testimony, and other materials obtained by Plaintiffs in discovery over the past year.

Also on September 25, 2014, MTC filed its response opposing Plaintiffs' instant discovery motion. [176]. MDOC, through the Office of the Attorney General, also filed a joinder to MTC's response on September 25, 2014. [178]. Plaintiffs' filed their reply on

---

[9] [179] at Exhibit 4 (72-page report of Dr. Terry Kupers); Exhibit 5 (105-page report of Dr. Marc Stern); Exhibit 6 (107-page report of Eldon Vail); Exhibit 30 (56-page report of Madeleine LaMarre); Exhibit 35 (118-page report of Dr. Bart Abplanalp); and Exhibit 45 (90-page report of Diane Skipworth); *see also* Exhibit 54 (Diane Skipworth Report Addendum).
[10] *Id.*
[11] [179] at Exhibits 60-76.
[12] *Id.*

October 2, 2014. [185]. On October 3, 2014, the Court entered an order extending the deadline to respond to Plaintiffs' motion for class certification to November 14, 2014.

**Law**

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County School Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). In the pre-certification stage of a putative class action lawsuit, the scope of discovery is limited to matters relevant to the requirements for class certification under Federal Rule of Civil Procedure 23. *In re Deepwater Horizon*, 739 F.3d 790, 798 (5th Cir. 2014). "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent -- but only to the extent -- that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*. "Whether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" *Id*.

A party moving to compel discovery bears the initial burden of showing that the requested materials are relevant. *Baptist Health v. BancorpSouth Ins. Servs, Inc.*, 270 F.R.D. 268, 272 (N.D. Miss. 2010). "Discovery requests are relevant when they seek evidence that is admissible or 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir.1990)). The Fifth Circuit holds that "district courts must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b)." *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). "For instance, a district court must limit otherwise permissible discovery if it determines that 'the burden or expense of the proposed discovery outweighs

its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Id.* (internal citations omitted).

## Analysis

I. **Plaintiffs' motion to compel discovery from MTC should be denied pursuant to L.U.Civ.R. 37.**

Local Uniform Civil Rule 37 states in pertinent part that "[m]otions raising issues concerning discovery … must quote verbatim each … request for production … to which the motion is addressed, and must state: (1) the specific objection; (2) the grounds assigned for the objection (if not apparent from the objection itself), and (3) the reasons assigned as supporting the motion." L.U.Civ.R. 37(b). The same local rule further states that "[f]ailure to comply with subsections (a) or (b) of this rule *will* result in a denial of the motion without prejudice to the party, who may refile the motion upon conformity with this rule." L.U.Civ.R. 37(c) (emphasis added). A "district court's administrative handling of a case, including its enforcement of the local rules and its own scheduling orders" is reviewed for abuse of discretion. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

With respect to MTC, Plaintiffs' motion does not identify the requisite materials described in Local Uniform Civil Rule 37(b). The only discovery requests identified in the motion is "Plaintiffs First Set of Requests for Production of Documents to Defendants, served on September 16, 2013." [157, p.2]. Plaintiffs' motion does not include, nor does it seek to compel, the subpoena to MTC that was served on February 26, 2014. MTC timely objected to that subpoena and subsequently responded to the same, if not broader, request for documents on August 4, 2014. Plaintiffs' motion to compel discovery from MTC fails to

7

comply with Local Uniform Civil Rule 37(b) and, therefore, should be denied pursuant to Local Uniform Civil Rule 37(c).

## II. Plaintiffs' motion to compel discovery from MTC should also be denied pursuant to Fed.R.Civ.P. 34, 37, and 45.

Plaintiffs' motion seeks to compel discovery under Federal Rule of Civil Procedure 37. A motion to compel the production of documents under Federal Rule of Civil Procedure 37, however, is limited to discovery requests propounded under Federal Rule of Civil Procedure 34. FED.R.CIV.P 37(a)(3) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: … (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection -- as requested under Rule 34.").

Federal Rule of Civil Procedure 37 does not provide for compelling discovery of documents requested in a subpoena *duces tecum*. Federal Rule of Civil Procedure 45 is the appropriate authority to compel additional discovery requested in a subpoena. FED.R.CIV.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Plaintiffs do not seek to compel MTC to further respond to their subpoena under Federal Rule of Civil Procedure 45. In the absence of an outstanding discovery request propounded to MTC under Federal Rule of Civil Procedure 34, Plaintiffs' motion to compel discovery from MTC under Federal Rule of Civil Procedure 37 must be denied.

## III. Plaintiffs' motion to compel additional discovery from MDOC should be denied under Fed.R.Civ.P. 37.

Under Federal Rule of Civil Procedure 37, a motion to compel a discovery request like Plaintiffs' Request for Production No. 13 is appropriate when "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule

34." FED.R.CIV.P. 37(a)(3)(B)(iv). The same controlling rule further states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED.R.CIV.P. 37(a)(4).

MDOC, in this case, has produced approximately 107,000 documents in response to Plaintiffs' discovery requests. These were hard-copy documents located at EMCF that Plaintiffs' counsel inspected and copied for three consecutive days between February 24 and February 26, 2014. Before Plaintiffs filed the instant discovery motion, MDOC also subsequently produced a total of 14,563 additional electronic files in response to Plaintiffs' Request for Production No. 13.

Plaintiffs acknowledge the responsive documents produced by MDOC, but do not contend and have not shown that these productions were inadequate or insufficient. Plaintiffs therefore do not show that MDOC has provided an "evasive" or "incomplete" response to Request for Production No. 13. Accordingly, Plaintiffs motion to compel MDOC to further respond to Request for Production No. 13 should be denied pursuant to Federal Rule of Civil Procedure 37.

## IV. Plaintiffs' motion to compel additional discovery from MDOC should also be denied pursuant to Fed.R.Civ.P. 26(b).

Plaintiffs also seek to hold MDOC accountable for the production of any additional documents that are (i) responsive to Request for Production No. 13, and (ii) in the possession of MTC. Plaintiffs contend that MTC's documents are in the "possession, custody, or control" of MDOC due to an existing agency relationship between MTC and MDOC.

Plaintiffs' motion to compel must still be denied regardless of the existing legal relationship between MDOC and MTC.[13] Plaintiffs' argument overlooks that they propounded a broader document request directly to MTC pursuant to a subpoena *duces tecum* on February 26, 2014. MTC timely responded to that subpoena and subsequently produced documents responsive to a broader request for documents than the one at-issue in this discovery dispute, Request for Production No. 13. Plaintiffs do not seek to compel MTC to further respond to that subpoena. Federal Rule of Civil Procedure 45 provides a less burdensome measure to obtain the requested additional discovery from MTC. Plaintiffs, however, do not seek to pursue that option in this discovery dispute. Plaintiffs' motion only seeks to compel MDOC to produce documents that were previously requested from MTC in a subpoena.

Plaintiffs' motion therefore should be denied, regardless of the legal relationship between MDOC and MTC, because of the availability of a less burdensome discovery measure and because of the responsive documents already produced by MTC and MDOC in discovery. FED.R.CIV.P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; …").

Furthermore, Plaintiffs have not satisfied the initial burden imposed on a party seeking to compel discovery under Federal Rule of Civil Procedure 26(b). As the party moving to compel additional discovery, Plaintiffs must show that Request for Production

---

[13] Succinctly restated, the Court is <u>not</u> deciding the issue of whether MTC and MDOC share an agency or independent contractor relationship. The resolution of this discovery dispute does not require a ruling on that particular legal issue.

No. 13 seeks relevant information. *Baptist Health v. BancorpSouth Ins. Services, Inc.*, 270 F.R.D. 268, 272 (N.D. Miss. 2010). "Discovery requests are relevant when they seek evidence that is admissible or '*reasonably calculated* to lead to the discovery of admissible evidence.'" *Id.* (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir.1990)) (emphasis added). Additionally, merits-based discovery is limited during the pre-certification stage of a putative class action lawsuit. *In re Deepwater Horizon*, 739 F.3d 790, 798 (5th Cir. 2014) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent -- but only to the extent -- that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

The class action allegations in Plaintiffs' complaint seek certification of the putative class and three proposed subclasses under Federal Rule of Civil Procedure 23(b)(2). An order limiting discovery to class certification issues was entered on August 14, 2013. The scope of discoverable information therefore is limited to the class certification requirements enumerated in Federal Rules of Civil Procedure 23(a) and 23(b)(2). Plaintiffs, as a result, must show that Request for Production No. 13 seeks admissible evidence or that it is "reasonably calculated" to lead to the discovery of admissible evidence in support of a class certification requirement set forth in Federal Rules of Civil Procedure 23(a) or 23(b)(2). Otherwise, the discovery request seeks information beyond the permissible scope of discovery at this juncture of this lawsuit.

Request for Production No. 13 was propounded to MDOC on September 16, 2013. MDOC timely responded and objected that the discovery request was overly broad and beyond the permissible scope of discovery. Plaintiffs' motion, however, does not show that Request for Production No. 13 seeks admissible evidence relating to the numerosity, typicality, commonality, or adequacy of representation requirements under Federal Rule of

Civil Procedure 23(a). Plaintiffs' motion also does not address the class certification requirements set forth in Federal Rule of Civil Procedure 23(b)(2) with respect to Request for Production No. 13.

Instead, Request for Production No. 13 makes a nonspecific request for emails generated in the ordinary course of business. The accompanying definitions of key terms included in Plaintiffs' written discovery further show that Request for Production No. 13 is not "reasonably calculated" to lead to the discovery of admissible evidence relating to one of the applicable class certification requirements. Plaintiffs' motion to compel MDOC to further respond to Request for Production No. 13 should therefore be denied, regardless of the existing legal relationship between MDOC and MTC, pursuant to Federal Rules of Civil Procedure 26, 34, and 37.

## V. Plaintiffs are not prejudiced by the denial of additional discovery from MDOC.

Class certification discovery has been ongoing for over a year. The information requested in Plaintiffs' discovery motion will not further assist the Court in determining whether this lawsuit should proceed as a class action under Federal Rules of Civil Procedure 23. Plaintiffs have obtained copies of approximately 107,000 hard copy documents in response to discovery requests propounded to MDOC. MDOC also subsequently produced an additional 14,563 electronic files in response to Plaintiffs' Request for Production No. 13. MTC also produced approximately 794 electronic files in response to a similar document request.

Additionally, the complaint seeks only prospective injunctive relief aimed at addressing the current and future conditions of confinement at EMCF on behalf of current and future similarly situated prisoners housed at EMCF. Plaintiffs have retained at least four (4) independent medical consultants and at least two (2) independent safety/security

consultants during discovery. Each consultant conducted a multi-day inspection of the EMCF premises and observed the current conditions of confinement at EMCF over the course of several consecutive days. Plaintiffs also submitted seventeen (17) affidavits from different inmates housed at EMCF that purportedly describe the current conditions of confinement of prisoners housed at EMCF. Plaintiffs attached copies of these written reports and affidavits as exhibits in support of their motion for class certification that was timely filed on September 25, 2014. Plaintiffs' motion for class certification includes a total of 81 exhibits and exceeds 1,500 pages in length. An 88-page supporting memorandum of law was also filed in conjunction with Plaintiffs' class certification motion.

Extending class certification discovery at this time for the reasons requested in Plaintiffs' motion will also unnecessarily delay a ruling on class certification and thus further prolong Plaintiffs from seeking the prospective injunctive relief requested in their complaint. Accordingly, Plaintiffs' motion should also be denied pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: … (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.").

**IT IS THEREFORE ORDERED AND ADJDUGED** that the Motion to Compel [157] filed by Plaintiffs is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO