JERMAINE DOCKERY, et al.                                              PLAINTIFFS

V.                                            CASE NO.: 3:13-cv-326-WHB-JCG

CHRISTOPHER EPPS, et al.                                             DEFENDANTS

## ORDER DENYING [90] MOTION FOR PROTECTIVE ORDER

Before the Court is a motion for protective order filed by Management & Training

Corporation (MTC) on March 17, 2014. [90]. A response was filed by Plaintiffs on March 31,

2014. [105]. MTC filed its reply on April 14, 2014. [108]. Also on April 14, 2014, Defendants

Christopher Epps, Gloria Perry, and Archie Longly (collectively referred to as "MDOC")

filed a joinder to the motion for protective order.[1] [109]. After reviewing the facts and

considering applicable law, the Court finds that the motion should be denied.

## Background

This lawsuit is a putative class action filed by sixteen (16) post-conviction inmates

confined at the East Mississippi Correctional Facility (EMCF) while in the custody of the

Mississippi Department of Corrections (MDOC).[2] The complaint alleges that the conditions

of confinement at EMCF violate the Eighth Amendment's ban against cruel and unusual

punishment. Plaintiffs seek prospective injunctive relief aimed at addressing the current

and future conditions of confinement at EMCF on behalf of the putative class. The putative

class consists of "all persons who are currently, or will be, confined at" EMCF. [1, ¶284].

---

[1] Defendants Christopher Epps, Gloria Perry, and Archie Longly were sued only in their respective capacity as officials of the Mississippi Department of Corrections (MDOC).

[2] Two of the plaintiffs have since been dismissed from this lawsuit. *See* Text Order dismissing Plaintiff Eric Ward on August 19, 2013; *see also* [196] Stipulation of Dismissal as to Plaintiff Dexter Campbell entered on October 14, 2014.

EMCF is operated by Management Training Corporation (MTC) pursuant to a contract with MDOC that became effective July 19, 2012. MDOC has a contractual right of indemnification from MTC for any constitutional claims arising from the operation of EMCF. MTC has operated EMCF at all times since the filing of Plaintiffs complaint.

Plaintiffs' complaint was filed on May 30, 2013. [1]. The complaint seeks certification of the putative class and three (3) proposed subclasses pursuant to Federal Rule of Civil Procedure 23(b)(2). [1, ¶284-312]. On August 14, 2013, the Court entered an order deferring the entry of a scheduling order pending a ruling on class certification. [38] ("Scheduling Deadlines. To be determined upon the Court's ruling on the Motion for Class Certification to be filed by 2/1/2014."). The deadline to file a motion for class certification was subsequently extended to September 25, 2014.[3]

On September 16, 2013, Plaintiffs propounded twenty five (25) document requests to MDOC under Federal Rule of Civil Procedure 34. [155-1]. MDOC timely served objections and responses to those discovery requests on November 27, 2013. [176-6]. Plaintiffs' counsel inspected and copied approximately 107,000 hard copy documents produced by MDOC in response to Plaintiffs' discovery requests from February 24 to February 26, 2014.[4]

Also on February 26, 2014, Plaintiffs served MTC with a subpoena *duces tecum* under Federal Rule of Civil Procedure 45. [86]. Plaintiffs' subpoena contained thirty (30) document requests that sought the same or similar documents that were previously requested in their discovery requests to MDOC. [86-1]. MTC timely responded and objected to Plaintiffs' subpoena on March 5, 2014.[176-10].

---

[3] *See* Text Order on July 15, 2014 ("To allow sufficient time for expert review of the extensive discovery produced, the Court finds that Defendants' expert designation deadline should be extended to August 25, 2014 and the deadline for filing the Motion for Class Action Certification is extended to September 25, 2014.")

[4] *Declaration of Mari K. Bonthuis* [157-12, ¶4] ("Between February 24 and February 26, 2014, counsel for Plaintiffs reviewed hard copy documents for production that were made available at EMCF."); *see also* [177, p.12] ("Additionally, MDOC … spent two days with [Plaintiffs'] counsel at EMCF during which they copied an estimated 107,000 pages of documents.")

On March 17, 2014, MTC filed this motion for protective order. [90]. The motion

states that "Plaintiffs seek to impose grossly excessive burdens of preservation and

production on MTC. MTC therefore seeks a protective order limiting the scope of its

document preservation obligations." *Id*. The motion does not seek relief from a document

request in Plaintiffs' subpoena *duces tecum*, nor does the motion seek relief from a

discovery request propounded by Plaintiffs. Plaintiffs filed a response on March 31, 2014.

[105]. MTC filed its reply on April 14, 2014. [108]. MDOC also filed a joinder to MTC's

motion for protective order on April 14, 2014. [109].

From May 19, 2014 to July 31, 2014, respective counsel continued disputing the

appropriate scope of electronic documents requested by Plaintiffs.[5] On July 31, 2014,

MDOC produced 1,017 electronic files in response to a discovery request (Request for

Production No. 13) propounded by Plaintiffs.[6] On August 4, 2014, MTC produced

approximately 794 emails and attachments in response to a similar document request

(Request for Production No. 10) set forth in Plaintiffs' subpoena *duces tecum* to MDOC.[7]

MDOC subsequently produced an additional 13,546 electronic files in response to that same

discovery request (Request for Production No. 13) on August 18, 2014.[8] The procedures

utilized by MDOC in responding to Plaintiffs' discovery request are described in a

declaration submitted by the third-party discovery specialist that assisted MDOC in

responding to that discovery request.[9]

On September 25, 2014, Plaintiffs timely filed a motion for class certification. [179-

182]. Plaintiffs' class certification motion, which includes 81 supporting exhibits, exceeds

1,500 pages in length and is accompanied by an 88-page supporting brief. [183]. The

---

[5] *Declaration of Mari K. Bonthuis* [157-12, ¶5-11].
[6] *Declaration of Christy Ingram Andra* [189-2, ¶11].
[7] *Declaration of Mari K. Bonthuis* [157-12, ¶12].
[8] *Declaration of Christy Ingram Andra* [189-2, ¶12].
[9] *Declaration of Christy Ingram Andra* [189-2, ¶4-12].

exhibits include six (6) written reports submitted by various medical and safety/security

consultants retained by Plaintiffs during discovery.[10] The proffered opinions submitted by

each consultant are based, in part, on multi-day inspections of the EMCF premises and

observations of EMCF's operations over the course of several consecutive days by each

consultant.[11] Plaintiffs also submit seventeen (17) affidavits by different inmates housed at

EMCF.[12] The affidavits purportedly describe the inadequate current conditions of

confinement and medical treatment of prisoners housed at EMCF.[13] The remaining exhibits

consist of various communications, internal memorandums, deposition testimony, and other

materials obtained by Plaintiffs in discovery over the past year.

## Analysis

**I.    The motion for protective order should be denied.**

MTC and MDOC request the issuance of a protective order "limiting the scope of its

document preservation obligations." The motion contends that such relief is warranted

because the burden of preservation sought to be imposed by Plaintiffs is grossly excessive.

The scope of a party's document preservation obligation, however, is a legal duty defined by

law and not by an opposing party:

> A duty to preserve arises when a party knows or should know that certain
> evidence is relevant to pending or future litigation. Once litigation is reasonably
> anticipated, a potential party to that litigation 'must not destroy unique,
> relevant evidence that might be useful to an adversary.' The duty to preserve
> extends to the party's or potential party's employees 'likely to have relevant
> information—the key players.' The duty to preserve evidence is a duty owed to
> the court, not to the party's potential adversary, hence, spoliation is considered
> an abuse of the judicial process.

---

[10] [179] at <u>Exhibit 4</u> (72-page report of Dr. Terry Kupers); <u>Exhibit 5</u> (105-page report of Dr. Marc Stern); <u>Exhibit 6</u> (107-page report of Eldon Vail); <u>Exhibit 30</u> (56-page report of Madeleine LaMarre); <u>Exhibit 35</u> (118-page report of Dr. Bart Abplanalp); and <u>Exhibit 45</u> (90-page report of Diane Skipworth); *see also* <u>Exhibit</u> 54 (Diane Skipworth Report Addendum).

[11] *Id.*

[12] [179] at <u>Exhibits</u> 60-76.

[13] *Id.*

*Ashton v. Knight Transp., Inc.*, 772 F.Supp.2d 772, 800 (N.D. Tex. 2011).

The Federal Rules of Civil Procedure also do not authorize the issuance of a protective order because the motion does not seek relief from any document request in Plaintiffs' subpoena *duces tecum* to MTC, nor does the motion seek relief from any discovery request propounded by Plaintiffs. *See* Fed.R.Civ.P. 26(b)(2)(B) ("On motion to compel discovery or for a protective order, the party *from whom discovery is sought* must show that the information is not reasonably accessible because of undue burden or cost.") (emphasis added); *see also* Fed.R.Civ.P. 26(c) ("A party or any person *from whom discovery is sought* may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."); *see also* Fed.R.Civ.P. 45(e)(1)(D) ("On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.").

MTC and MDOC have not shown that a sufficient basis exists for the protective order requested in their motion. The protective order requested by MTC and MDOC therefore is not warranted and the motion should be denied as a result. *Beattie v. Madison County School Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) ("A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.").

**IT IS THEREFORE ORDERED AND ADJDUGED** that the Motion for Protective Order [90] is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO