FOR THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


JERMAINE DOCKERY, et al.,

          Plaintiffs,

v.                                         Civil Action No. 3:13cv326-TSL-JMR

CHRISTOPHER EPPS, et al.,

          Defendants.


**PLAINTIFFS' MOTION FOR LEAVE TO INTERVENE**

Plaintiffs ask the Court to enter an Order, pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), granting Michael Combs (Mississippi Department of Corrections No. R0942), Eddie Pugh (No. 162730), Derrick Lane (No. N4605), Tavares Flaggs (No. M1616), and Henry Moore (No. 119380) [hereinafter Applicants], prisoners confined at the East Mississippi Correctional Facility ("EMCF") and members of the putative class in this case, leave to intervene as of right, or alternatively, request permission to intervene, and be added as Named Plaintiffs representing the Plaintiff Class.

As set forth in Plaintiffs' Memorandum of Law in Support of this motion, on May 30, 2013, Named Plaintiffs, sixteen individuals confined at the East Mississippi Correctional Facility, filed the instant action on behalf of themselves and all others similarly situated alleging that Defendants have caused them to suffer, and be at risk of suffering, irreparable harm from inadequate medical and mental health care and unconstitutional conditions of confinement. Since the filing of this case, Defendants have transferred or released seven of these individuals, resulting in their dismissal as Named Plaintiffs. *See* Text Order dismissing Plaintiff Eric Ward

on August 19, 2013; *see also* [201] Stipulation of Dismissal as to Plaintiffs David Thompson, Courtney Galloway, Tafforest Chandler, Benjamin McAbee, Anthony Evans, and Christopher Lindsey.  Applicants seek to intervene to ensure that if Defendants transfer or release additional persons, sufficient plaintiffs remain to represent the Plaintiff class and sub-classes.

"It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot." *See Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*, 175 F.R.D. 234, 239 (N.D. Miss. 1997) (quoting *Graves v. Walton County Bd. of Educ.,* 686 F.2d 1135, 1138 (5th Cir. 1982))); *In re Thornburgh*, 869 F.2d 1503, 1508–10 (D.C. Cir. 1989) ("There is authority to the effect that a court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative. . . .  Such action is especially appropriate where the events causing mootness have only individual rather than classwide impact." (internal citations omitted)).

Applicants readily satisfy the requirements for intervention as of right, as well as permissive intervention.  Applicants have a direct interest in this case.  Applicants are individuals confined at EMCF who have serious, in some cases life-threatening, medical and mental health problems and are being denied adequate treatment by Defendants as a result of the policies and practices at issue in this case.  If additional Named Plaintiffs lose standing and are dismissed from the case, Applicants may not be adequately represented, thereby perpetuating the conditions they complain of.  Conversely, Applicants' intervention would have no prejudicial effect on Defendants. Applicants' claims are virtually identical to those of the Named Plaintiffs.  Almost all of the relevant documents – medical files and disciplinary reports – are in Defendants'

possession.  The parties have not reached any agreement on the issues in the case and are in the midst of discovery pending class certification.  Intervention would not require the parties to reopen any issues, nor would it have an effect on the length of discovery or litigation.

In support of this Motion, Plaintiffs submit the exhibits listed below and an accompanying Memorandum of Law in Support.

1.	Exhibit A, Declaration of Michael Combs;

2.	Exhibit B, Declaration of Eddie Pugh;

3.	Exhibit C, Declaration of Derrick Lane;

4.	Exhibit D, Declaration of Tavares Flaggs; and

5.	Exhibit E, Declaration of Henry Moore.


## CONCLUSION

For these reasons, Applicants respectfully request that the Court grant their motion to intervene.

DATED this 7th day of November, 2014.

s/Elissa Johnson
Jody E. Owens, II, MS Bar # 102333
Elissa Johnson, MS Bar #103852
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
Phone: 601-948-8882
Fax: 601-948-8885
jody.owens@splcenter.org
elissa.johnson@splcenter.org

Gabriel B. Eber
Margaret Winter
Ajmel Quereshi
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: 202-393-4930
Fax: 202-393-4931
(admitted *pro hac vice*)

Elizabeth Alexander
Law Offices of Elizabeth Alexander
1416 Holly St., NW
Washington, DC 20012
Phone: 202-291-3774
(admitted *pro hac vice*)

Mari K. Bonthuis
Xinping Zhu
Covington & Burling, LLP
601 8th Avenue
New York, NY 10018
Phone: 212-841-1000
Fax: 212-841-1010
(admitted *pro hac vice*)

Brendan Parets
Covington & Burling LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Phone: (202) 662-6000
(admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I, Elissa Johnson, hereby certify that a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all parties by the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

SO CERTIFIED, this 7th day of November, 2014.

s/Elissa Johnson
Elissa Johnson, MS Bar #103852