FOR THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE DOCKERY, et al.,

        Plaintiffs,

v.                                   Civil Action No. 3:13-cv-00326-WHB-JCG

PELICIA HALL, et al.,

        Defendants.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR COURT TOUR OF EAST MISSISSIPPI CORRECTIONAL FACILITY**

## I. INTRODUCTION

Plaintiffs respectfully file this Memorandum in Opposition to Defendant's Motion for Court Tour of East Mississippi Correctional Facility ("EMCF"). ECF No. 568. Defendant contends that the Court should tour the facility because doing so would be helpful in deciding the Motion for Partial Summary Judgment and the Motion for Decertification. Defendant's argument demonstrates there are genuine issues of material fact that preclude summary judgment. Further, a tour would not aid the Court in determining the Motion for Decertification. Because the proposed tour offers little, if any, value in the determination of the pending dispositive motions, Plaintiffs object to a Court tour at this time. However, Plaintiffs have no objection to a status conference to discuss the timing and parameters of a Court tour after the pending motions have been decided. Accordingly, Plaintiffs respectfully request that Defendant's motion be denied.

1

## II.  ARGUMENT

### A.  A Tour of EMCF is Procedurally Inappropriate before the Court's Decision on Defendant's Motion for Partial Summary Judgment.

Plaintiffs do not dispute that the Court has the authority to tour the prison when it so chooses. However, any tour would necessarily serve to assist the Court in weighing the factual evidence—a function that is plainly inappropriate at the summary judgment stage. *See, e.g., Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (on a motion for summary judgment, the Court must "refrain from making credibility determinations or weighing evidence"); *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) ("[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.") Courts in the Fifth Circuit and neighboring circuits conduct tours of facilities to aid the fact finder in determining liability or evaluating compliance with court orders.[1] In *Lovell v. Brennan*, the sole case cited by Defendant in support of its motion, the Court toured the prison during "evidentiary hearings" to serve as an aid to the finder of fact. 566 F.Supp. 672, 676—677 (D. Maine 1983).

The procedural context of the instant Motion, however, is different: the tour is not being requested during or after trial, but in the midst of summary judgment. Nevertheless, Defendant bases its motion on the proposition that Plaintiffs' evidence (which consists primarily of documents produced by the Defendant) presents an inaccurate view of EMCF, and that a Court tour is necessary to correct this picture. *See* ECF No. 568 at 2—3.

---

[1] *See, e.g.*, *Ball v. LeBlanc*, 792 F.3d 584, 590 (5th Cir. 2015) (district court toured death row after a three-day bench trial and before issuing a final ruling); *Henderson v. Thomas,* 913 F. Supp.2d 1267, 1308 (M.D. Ala. 2012) (the court toured the prison during trial); *Braggs v. Dunn*, No. 214-cv-601, 2017 WL 2773833, at *39 (M.D. Ala. June 27, 2017) (the court conducted post-trial prison tours). *See also Plata v. Schwarzenegger*, No. C01-1351, 2005 WL 2932243, at *3 (N.D. Cal. May 10, 2005) (the court toured prisons to check compliance with consent decree).

In other words, Defendant is asking the Court to make the very credibility determination or factual finding that is beyond the scope of summary judgment. The Court, as the fact finder in this matter, should not wade into factual determinations and weigh the evidence at this juncture. *Turner*, 476 F.3d at 343 (("When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence.") *(citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000))). Further, the facts themselves should be viewed in a light most favorable to Plaintiffs. *Deville*, 567 F.3d at 164. Defendant's disagreement with Plaintiffs' statement of the facts simply demonstrates that there are genuine issues of material facts in this case.

Defendant argues that the instant case goes beyond mere disagreement over the facts because Plaintiffs' counsel are intentionally offering "false descriptions" and "misrepresentations" of the evidence. ECF No. 568 at 3. However, this grave accusation is unfounded. The only support Defendant identifies for its contention is a single exhibit, a video, which MDOC argues demonstrates a "gross misrepresentation" of the incident as described by Plaintiffs' expert, Eldon Vail. ECF No. 568 at 2. After review, what Defendant claims as a "gross misrepresentation" is simply a citation error. The description in paragraph 95 of Mr. Vail's report should have cited to the video of James Milsaps on 3-20-2014 (which was inadvertently cited in the footnote to paragraph 96), instead of the video on 3-17-2014 (which was incorrectly cited in the footnote to paragraph 95). *See* Exhibit 1, 3-20-2014 Video, EMCF-14-0128 (conventionally filed); Exhibit 2, Excerpt from Eldon Vail's 2014 Report. In the first minute of the video from 3-20-2014, the Court will see the precise series of events described by

Mr. Vail in paragraph 95. What Defendant characterizes as an intentional effort to mislead the Court was an honest clerical mistake.[2]

Asking the Court to disregard the inference given to the non-moving party in summary judgment determinations is an extraordinary step. *See Deville*, 567 F.3d at 164. Similarly, asking the Court to make a "credibility determination" regarding Plaintiffs' evidence is counter to the principles of summary judgment. *See Turner*, 476 F.3d at 343. Based on Defendant's own argument that the conditions at EMCF are different from what has been portrayed by Plaintiffs, there is a clear dispute over the core factual allegations in this case and as such, summary judgment should be denied.

### B. *MDOC's request for a tour of EMCF has no Probative Value and Would Not Assist the Court in ruling on the Motion for Class Decertification.*

Defendant has also filed a Motion for Decertification and argues that a tour may aid the Court in determining whether continued class certification is appropriate. While a court is "free to reconsider its class certification ruling as often as necessary before judgment," *McNamara v. Felderhof*, 410 F.3d 277, 280 (5th Cir. 2005), "decertification and modification should theoretically only take place after some change, unforeseen at the time of the class certification, that makes alteration of the initial certification decision necessary," NEWBERG ON CLASS ACTIONS § 7:34 (5th ed. 2013). The Defendant bears the burden in establishing the proof for decertification. *See generally, Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005).

---

[2] Although the video from March 17, 2014 lasts 20 minutes, the mental health counselor is only visible and present near the cell for approximately four minutes. While the counselor attempts to de-escalate the situation in brief engagements with Mr. Milsaps, officers stand around Mr. Milsaps' cell and on multiple occasions staff attempt to close the tray flap on his arm while the mental health counselor is talking to Mr. Milsaps.

To support its vague claim that a tour would aid the Court in determining the Motion for Class Decertification, Defendant relies entirely on the argument that Plaintiffs' "rhetoric and past misrepresentations" necessitate a tour of EMCF. ECF No. 568 at 3. Defendant lists ten phrases found in Plaintiffs' responses to the Motion for Partial Summary Judgment and Motion for Decertification as "proof" of Plaintiffs' inaccurate picture of EMCF. Defendant offers these phrases without any context, without mentioning that each is part of Plaintiffs' argument that material facts are in dispute and that plaintiffs face a substantial risk of harm at EMCF, and without acknowledging that each statement is appropriately supported with citations to the evidentiary record. For instance, Defendant lists the phrase "prisoners are subjected to meals made with food of degraded and insufficient quality, and that are prepared in an unsanitary environment" as an example of Plaintiffs' strategy. *See* ECF No. 568 at 2. Contrary to Defendant's assertion, Plaintiffs supported this phrase with later citations to the deposition testimony of the 30(b)(6) representative of Trinity Food Services, EMCF Warden Frank Shaw, Centurion Nurse Kimberly Townsend, and former EMCF law librarian Marilyn Braxton; documents produced by Defendant, including a March 2017 EMCF Inspection Report and the Mississippi Department of Health Inspection Summary; and evidence from Plaintiffs' expert reports and prisoner declarations.[3]

In its attempt to discredit Plaintiffs, MDOC also cites to a wholly irrelevant case brought by the Southern Poverty Law Center in a district court in Florida, in which the court disagreed with plaintiffs' allegations. Defendant, however, endeavors to use this case as some proof that *every* case brought by the Southern Poverty Law Center, on behalf of *every* plaintiff, lacks credibility. Defendant's use of the outcome of an unrelated case to imply misconduct and

---

[3] *See* ECF No. 549-13, 549-18, 549-26, 549-28, 549-45, 549-56; *see* generally ECF No. 549 at 51-56.

dishonesty is without merit. The Southern Poverty Law Center has prevailed in numerous other cases on behalf of various plaintiffs, including, a case against the current Defendant alleging unconstitutional conditions in another Mississippi prison. *See, e.g., Depriest v. Walnut Grove Correctional Auth.*, No. 3:10-cv-663, 2015 WL 3795020, (S.D. Miss. June 10, 2015), *appeal dismissed sub nom. Depriest v. Fisher*, 669 F. App'x 209 (5th Cir. 2016) (court upheld finding of ongoing constitutional violations at a prison in a case against the Mississippi Department Corrections); *see also Braggs v. Dunn*, No. 214-cv-601, 2017 WL 2773833 (M.D. Ala. June 27, 2017) (court found that the Alabama Department of Corrections had a woefully inadequate and unconstitutional mental health care system that put all Alabama prisoners at severe risk of harm). Any probative value that the case cited by Defendant may have regarding the current conditions at EMCF is, at most, no greater than the probative value of the other cases regarding conditions of confinement brought by the Southern Poverty Law Center. Defendant's attempts to distract from the horrific conditions at EMCF by impugning the motives and conduct of counsel, without any relevant support, should be ignored.

Defendant has failed to show any intentional or material misrepresentations that should make the Court doubt the evidence Plaintiffs have presented. Defendant's argument relies solely on an unfounded attack on the credibility of Plaintiffs' counsel, disregarding the hundreds of pages of exhibits that Plaintiffs presented to support each of their arguments.[4] Defendant has failed to present a single cogent reason why a tour at this time would aid the Court in resolving their pending decertification motion.

---

[4] For example, in a single paragraph in Plaintiffs' Response to Defendant's Motion for Class Decertification, Plaintiffs supported the position that EMCF continues to fail to protect prisoners from violence by citing Eldon Vail's 2016 Expert Report; documents produced by Defendant, including the November 2016 Shift Roster, MTC Staff Discipline Report, and EMCF Monthly Reports from July 2016 to June 2017; and testimony from the depositions of MTC Regional Vice President, Marjorie Brown, and EMCF Deputy Warden, Norris Hogans. *See* ECF No. 551 at 29.

### *C. Plaintiffs do not oppose a tour of the facility at a time where it can properly aid the Court.*

Defendant's Motion asks this Court to ignore the evidence presented by Plaintiffs and to discount the honesty and professionalism of Plaintiffs' counsel. This is not a proper basis for a Court tour of EMCF. However, Plaintiffs do not oppose a Court tour of EMCF at a procedurally appropriate time and under conditions that ensure that the Court is getting an accurate picture of conditions at the prison (*i.e.,* during an *unscheduled* visit to the prison to ensure that Defendant is unable to first prepare the prison for the Court's visit). *See Ball v. LeBlanc*, 792 F.3d 584, 590 (5th Cir. 2015). Such conditions would help prevent the tour from being merely an opportunity for Defendant to provide a one-sided, artificially curated picture of conditions in the prison. If during or after trial, the Court would like to tour EMCF, Plaintiffs have no objection, and respectfully request an opportunity to discuss the appropriate logistics, including who will be present, how to avoid providing prison administrators and staff with advance notice of the tour, and other considerations to ensure the visit has probative value to the Court.

### III. CONCLUSION

For the reasons above, Plaintiffs respectfully request that Defendant's motion be denied.

RESPECTFULLY SUBMITTED, this 13th day of October, 2017.

Benjamin R. Salk (admitted *pro hac vice)*
Mark P. Gimbel (admitted *pro hac vice)*
Erin Monju (admitted *pro hac vice)*
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-841-1000

Gretchen Hoff Varner (admitted *pro hac vice)*
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Phone: 415-591-6000

Ravi Doshi (admitted *pro hac vice)*
Anna Q. Han (admitted *pro hac vice)*
Covington & Burling LLP
850 Tenth Street, NW Washington, DC 20001
Phone: 202-662-6000

s/Chelsea Caveny
Chelsea Caveny, MS Bar #105300
Jody E. Owens, II, MS Bar #102333
Elissa Johnson, MS Bar #103852
Sarah D. Bidinger, MS Bar #105015
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
Phone: 601-948-8882; Fax: 601-948-8885

Gabriel B. Eber (admitted *pro hac vice)*
Eric G. Balaban (admitted *pro hac vice*)
Carl Takei (admitted *pro hac vice*)
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: 202-393-4930; Fax: 202-393-4931

Elizabeth Alexander *(admitted pro hac vice*)
Law Offices of Elizabeth Alexander
1416 Holly Street NW
Washington, DC 20012
Phone: 202-291-3774

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Chelsea Caveny, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

SO CERTIFIED, this 13th day of October, 2017.

s/Chelsea Caveny<br>
Chelsea Caveny, MS Bar #105300