```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**JERMAINE DOCKERY, ET AL.**                                    **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:13-cv-326-WHB-JCG**

**PELICIA HALL, ET AL.**                                         **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the <u>Daubert</u> Motions that have been filed in this case. Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities the Court finds:

Defendants' Motion to Exclude the Testimony of Dr. Terry A. Kupers and Dr. Bruce C. Gage is not well taken and should be denied.

Plaintiffs' Motion to Exclude the Testimony of Kenneth McGinnis and Tom Roth is not well taken and should be denied.

### I.  Factual Background and Procedural History

The subject class action lawsuit was filed on behalf of prisoners confined at the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi, which is designed to provide treatment and housing for mentally ill prisoners. In their Complaint, Plaintiffs allege that the conditions under which they are confined violate their Eighth Amendment right to be free from cruel and unusual punishment, and they request that Defendants be ordered to "eliminate the substantial risks of serious harm" that

have allegedly resulted from, *inter alia,* inadequate medical and mental health care, unsanitary environmental conditions, the use of excessive force by EMCF personnel, and the use of isolated confinement.[1] By prior Order, the Court certified the case to proceed as a class action consisting of one General Class, known as the EMCF Class, and three Subclasses: the Isolation Subclass, the Mental Health Subclass, and the Units 5 and 6 Subclass.  See Opinion and Order [Docket No. 257]. During the course of litigation, several expert witnesses were designated by the parties.  The Court now considers the parties' Daubert challenges.

## II.  Standard

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Court of Appeals for the Fifth Circuit has held that when deciding whether expert testimony is admissible, "the

---

[1] A detailed account of Plaintiffs' specific factual allegations can be found in Dockery v. Hall, Civil Action No. 3:13-cv-326, slip op., (S.D. Miss. Sept., 29, 2015).

2

court must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593-94 (1993)). To determine whether proposed expert testimony is reliable, the Court considers the following, non-exclusive, list of factors: "whether the proposed evidence or theory 'can be (and has been) tested'; whether it 'has been subjected to peer review and publication'; whether it has been evaluated in the light of 'potential rate[s] of error'; and whether the theory has been accepted in the 'relevant scientific community'." Id. (citing Daubert, 509 U.S. at 593-94). The analysis of whether proposed expert testimony is reliable "must remain flexible: not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." Id. (citations omitted). In addition, in cases like the one *sub judice* that will be tried by the bench, the admissibility standards for expert witnesses are not as essential as in jury trials. See e.g. Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000)("Most of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."); Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc., 916 F.Supp.2d 702, 713 (S.D. Miss. 2013) (explaining that "in the context of a bench trial ... the Daubert

3

gatekeeping obligation is less pressing because the gatekeeper and trier of fact are the same")(internal citations omitted).

Defendants have moved to exclude the testimony of Plaintiffs' expert witnesses Dr. Terry A. Kupers ("Kupers") and Dr. Bruce C. Gage ("Gage").[2] In support of their Motion, Defendants argue that the methodologies used by Kupers and Gage are "atypical" because they did not consider any testimony from the medical staff at EMCF and they relied on "statistically insignificant" sample sizes when formulating their opinions. Defendants further argue that, because of the atypical methodologies used by Kupers and Gage, their expert opinions merely "parrot" the assertions and complaints expressed by Plaintiffs and, therefore, their opinions will not assist the Court in determining any relevant fact issue in this case.

Although Defendants have couched their Motion to Exclude as a challenge to methodology, it is clear that they are actually challenging the facts (or lack thereof) underlying the opinions of Kupers and Gage. In other words, Defendants don't challenge the general methods used by Kupers and Gage. Instead, they argue that the opinions offered by Kupers and Gage in this case are unreliable because the data underlying those opinions is insufficient, i.e

---

[2] Defendants also moved to strike the Declaration of Dr. Craig W. Haney, which was submitted by Plaintiffs' in support of their Response to the Motion to Exclude Kupers and Gage. In response, Plaintiffs withdrew the challenged Haney Declaration. See Notice [Docket No. 580]. As the Haney Declaration was withdrawn, the Motion to Strike that Declaration will be dismissed as moot.

4

neither expert considered testimony from EMCF staff members, and both relied on patient-prisoner samples that were too small. Such fact-based challenges, however, go to the weight of evidence and not to its admissibility under Daubert. See e.g. Carter v. Hornbeck Offshore Transp., LLC, 2014 WL 2898458, at *1–2 (E.D. La. June 26, 2014)("[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion.")(quoting St. Joseph Abbey v. Castille, 2011 WL 2182046, at *5 (E.D. La. June 3, 2011)(citing Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 392-93 (5th Cir. 2002)); General Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd., 2004 WL 5495590, at *4 (W.D. Tex. Oct. 21, 2004)("Courts should not be lured by arguments disguised as Daubert challenges that actually attack the weight of the expert testimony, not its admissibility. As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.")(alterations in original)(internal citations omitted); Id. at *4 ("Therefore, challenges to the factual bases or underpinnings of an expert opinion usually go only to weight and credibility of the evidence, not admissibility.")(citing Moss v. Ole South Real Estate, Inc., 933 F.2d 1300, 1307 (5th Cir. 1991) and Matador Drilling Co. v. Post, 662 F.2d 1190, 1199 (5th Cir. 1981)).

Because the Court finds the challenges raised by Defendants to the expert opinions of Kupers and Gage go to credibility, and not admissibility, the Motion of Defendants to Exclude Testimony under <u>Daubert</u> will be denied.

Plaintiffs have moved to exclude the opinions and testimony of Defendants' safety and security experts Kenneth McGinnis ("McGinnis") and Tom Roth ("Roth"). In their Motion, Plaintiffs' argue that McGinnis's and Roth's expert opinions are not relevant under <u>Daubert</u> because (1) their opinions are based on irrelevant standards; (2) the experts failed to properly evaluate the safety and security risks, including use-of-force incidents and assaults, allegedly present at EMCF; and (3) the expert reports do not contain any "useful" opinions regarding efforts to protect prisoners from assaults by other prisoners. Plaintiffs also argue that the opinions of McGinnis and Roth are "inherently unreliable" because the experts relied on unverified and inaccurate data when formulating their opinions.[3]

---

[3] Plaintiffs also argue that the Expert Report of McGinnis and Roth must be excluded because it does not comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs' discovery-related challenge, however, is time barred. <u>See</u> Local Rule 7(b)(2)(B)(providing that discovery-related motions must be filed "in advance of the discovery deadline ..."). Additionally, the actual Expert Report of McGinnis and Roth is likely inadmissible hearsay. <u>See</u> <u>e.g.</u> <u>Balfour Beatty Rail, Inc. v. Kansas City So. Ry. Co.</u>, 173 F.Supp.3d 363, 413 (N.D. Tex. 2016)("Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2).").

6

As above, the Court finds that each of these arguments challenges either the facts underlying the opinions, or the weight/credibility of the opinions, that have been proffered by McGinnis and Roth. As the case will be tried to the bench, the Court additionally finds that none of the arguments raised by Plaintiffs requires the excluding of McGinnis's or Roth's opinions under Daubert. Accordingly, Plaintiffs' Motion to Exclude will be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Exclude [Docket No. 533] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendants to Strike Haney Declaration [Docket No. 569] is hereby dismissed as moot.

IT IS FURTHER ORDERED that Plaintiffs' Daubert Motion to Exclude the Opinions of Proposed Correctional Experts McGinnis and Roth [Docket No. 534] is hereby denied.

SO ORDERED this the 8th day of February, 2018.


                                             s/ William H. Barbour, Jr.
                                             UNITED STATES DISTRICT JUDGE