IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE DOCKERY, et al.**                                                      **PLAINTIFFS**

VS.                                                                    No. 3:13-cv-326-WHB-JCG

**PELICIA HALL, ET AL.**                                                          **DEFENDANTS**

### RESPONSE IN OPPOSITION TO MOTION IN LIMINE

Nothing about Plaintiffs' ill-advised request for an Order precluding Defendant from questioning Plaintiffs or their witnesses regarding their criminal histories is amenable to resolution at the motion *in limine* stage. Rather than raising their concerns through objection at trial, Plaintiffs try to generalize a fact-specific, context-driven objection to obtain an Order limiting Defendant's ability to cross-examine witnesses regarding their prior criminal convictions and other bad acts. Plaintiffs attempt to mask their ill-advised request in the form of a unilateral stipulation to admit "basic facts" regarding their potential witnesses' criminal convictions. However, Defendant has not agreed to any such stipulation and could not do so because it is unclear which inmates may be called to testify at trial. Plaintiffs' Motion should be denied because their request to limit the testimony of their potential witnesses is premature.

### I. RELEVANT BACKGROUND

This case is scheduled for trial on March 5, 2018. At present, Plaintiffs' have identified more than seventy prison inmates as potential witnesses at trial. Of course, each of these seventy inmates have criminal histories, and many of them

have histories of bad acts while incarcerated within the MDOC. Neither Plaintiffs' Motion *in limine* nor their accompanying memorandum identifies any specific witness or his criminal conviction information which Plaintiffs seek to prohibit from being admissible. Instead, Plaintiffs simply attempt to force a broad, general stipulation upon MDOC to prevent MDOC from "question[ing] Plaintiffs' witnesses, or otherwise seek[ing] to elicit evidence at trial, regarding those witnesses' criminal histories."[1] As explained below, Plaintiffs' Motion is premature and should be denied.

## II. ARGUMENT

A.  Plaintiffs' Attempt to Bar the Admissibility of Evidence under Rule 609(a) is Premature

Entitled, "Impeachment by Evidence of a Criminal Conviction," Rule 609(a) provides as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.[2]

---

[1] Doc. No. 593, Mem. Supp. Mot. in Limine, p. 5.
[2] Fed. R. Evid. 609(a).

Initially, it is critical to note that Plaintiffs' Motion does not contest Defendant's ability to cross examine witnesses consistent with Federal Rule of Evidence 609(a)(2). Plaintiffs make no mention or reference to use of evidence in a manner contemplated by Rule 609(a)(2). "Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted." *United States v. Jefferson*, 623 F.3d 227, 233-34 (5th Cir. 2010) (quoting *United States v. Harper*, 527 F.3d 396, 408 (5th Cir. 2008)). "Rule 609(a)(2) contains 'mandatory language [and] ***requires*** that a trial court admit evidence of such crimes to allow a party to impeach an adversary witness's credibility.'" *Id*. (quoting *Coursey v. Broadhurst*, 888 F.2d 338, 341-42 (5th Cir. 1989)) (emphasis in original). Plaintiffs neither cite nor recognize Rule 609(a)(2). Their Motion thus should not be construed as implicating that provision or the manner of attacking a witnesses' credibility contemplated by that Rule.

This fact only further emphasizes the premature nature of Plaintiffs' Motion. While the deceitful nature of a crime within the scope of Rule 609(a)(2) is usually apparent from the statutory elements of the particular crime, that is not always the case. "[W]here the deceitful nature of the crime is not apparent from the statute and the face of the judgment . . . a proponent may offer information such as an indictment . . . or jury instructions to show that the factfinder had to find . . . an act of dishonesty or false statement in order for the witness to have been convicted." *United States v. Jefferson*, 623 F.3d 227, 234 (5th Cir. 2010) (quoting Fed. R. Evid. 609, advisory committee's note to 2006 amendments). The very nature of the relief

PD.23147002.1

Plaintiffs seek in their Motion is at odds with this fact and would foreclose Defendant's ability to delve into the details of a particular conviction to determine whether it constitutes one admissible under Rule 609(a)(2).

Rule 609(a)(2) aside, Plaintiffs' attempt to prematurely infringe upon Defendant's right to elicit testimony under Rule 609(a)(1) is misguided. As noted above, Rule 609(a)(1) mandates that, subject to Rule 403, felony convictions within the previous ten years must be admitted. Fed. R. Evid. 609(a)(1); *U.S. v. Robinson*, 286 Fed.Appx. 216, 220 (5th Cir. 2008). Plaintiffs attempt to mask their effort to prevent the application of Rule 609(a)(1), and to control the manner in which Defendant will try its case, by offering to stipulate to the "basic facts" of witnesses' convictions.[3] However, stipulations are voluntary agreements entered into the by parties and cannot be forced upon the parties. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, 4 (D.D.C. 2007); *Identiseal Corp. Of Wisconsin v. Positive Identification Systems, Inc.*, 560 F.2d 298, 302 (7th Cir. 1977). Plaintiffs cite no authority to the contrary.

Further, and perhaps more importantly, Plaintiffs do not identify any specific witnesses or the specific crimes about which Plaintiffs seek to prevent testimony. Without such information, Defendant is not in a position to stipulate to the admissibility of hypothetical evidence, and any ruling by the Court on the admissibility of evidence under Rule 609(a)(1) would be premature at this time. *See Miller v. Credit*, 2015 WL 124655, *1 (M.D. La. Mar. 18, 2015) ("Neither party has

---

[3] Doc. No. 593, Mem. Supp. Mot. in Limine, p. 2.

provided information concerning which witnesses were convicted of what crimes, so the Court cannot rule on this issue at this time.").

Also, with respect to Rule 609(a)(1)'s consideration of Rule 403, because this case is a bench trial "excluding relevant evidence under Rule 403 on the basis of unfair prejudice is a useless procedure." *Savarese v. Pearl River Nav.,* 2010 WL 3070376, *1 (E.D. La. Aug. 2, 2010) (citing *Dixon v. Henderson*, 186 F. App'x 426, 429–30 (5th Cir. 2006)).

In sum, Plaintiffs' attempt to frame their Motion in the context of a "stipulation" is a red herring. Without identifying any potential witness or his criminal conviction which may be at issue, much less offering an analysis of the same under Rule 609(a), Plaintiffs attempt to prematurely dictate the manner in which Defendant may offer such information into evidence. Accordingly, Plaintiffs' Motion should be denied.

B.   <u>Plaintiffs' Attempt to Bar Evidence under Rule 404(b) is Premature</u>

Federal Rule of Evidence 404(b) allows for the introduction of evidence of a crime, wrong, or other act to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[4] Plaintiffs seek to prohibit the introduction of any such evidence, arguing that the same is "inapplicable to this case."[5] Plaintiffs are incorrect.

In the context and setting of this case, testimony falling within the scope of Rule 404(b) is particularly important. For example, evidence that an inmate had

---

[4] Fed. R. Evid. 404(b)(1).
[5] Doc. No. 593, Mem. Supp. Mot. in Limine, p. 4.

been convicted of rape could be admissible to show that he intended to engage in nonconsensual sexual conduct with another inmate or staff member. Also, evidence of an inmates' verbal threats and abusive conduct toward another inmate or staff member would be admissible to show intent to harm an inmate or staff member. At this early stage, MDOC can only offer these abstract examples. Without knowing which of the seventy persons identified by Plaintiffs as potential witnesses will actually testify at trial, or the context of their testimony, it is impossible to make a ruling as to whether evidence of a prior crime, wrong, or bad act will be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Therefore, like their argument under Rule 609(a), Plaintiffs' attempt to bar any evidence within the scope of Rule 404(b) is premature at this stage.

In short, while MDOC has no intention of offering any prior-bad-acts evidence not consistent with Rule 404(b), Plaintiffs' argument under Rule 404(b) is premature because it is impossible to anticipate what evidence will be offered without knowing the identity of the specific witnesses to be called and the nature of their testimony.

C.   <u>Plaintiffs' Attempt to Bar Admissible Evidence Pursuant to Rule 611 is Premature</u>

Federal Rule of Evidence 611(a) allows the Court to exercise reasonable control over the examination of witnesses in an effort to determine the truth, avoid wasting time, and to protect witnesses from harassment or undue embarrassment.[6]

---

[6] Fed. R. Evid. 611(a).

Plaintiffs argue that Rule 611 should prevent MDOC from eliciting any evidence under Rules 609(a) and 404(b) other than the "basic facts" of witnesses' criminal convictions.[7] Plaintiffs' argument is a nonstarter.

Plaintiffs' essentially attempt to use Rule 611 to backdoor their arguments under Rules 609(a) and 404(b). For the reasons explained above, namely the premature nature of Plaintiffs' arguments with respect to Rules 609(a) and 404(b), this argument fails. Without knowing the identity of potential witnesses or the nature of their testimony, it is impossible to determine at this stage the admissibility of proffered evidence under Rules 609(a) and 404(b). *See Miller*, at \*1 ("Neither party has provided information concerning which witnesses were convicted of what crimes, so the Court cannot rule on this issue at this time.").

### III. CONCLUSION

"[C]ompetent evidence cannot be excluded without a sound and acceptable reason." *Davidson Oil Country Supply, Inc. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir.), *on reh'g sub nom.*, 917 F.2d 185 (5th Cir. 1990)  Here, Plaintiffs have not offered such a reason, and they cannot do so through the generalized nature of their premature arguments contained in their Motion *in limine*.

For all of these reasons, MDOC respectfully requests that the Court deny Plaintiffs' Motion *in limine* to Exclude Evidence of Witnesses' Criminal Histories.

Dated: February 8, 2018.

---

[7] Doc. No. 593, Mem. Supp. Mot. in Limine, pp. 4, 2.

Respectfully submitted,

BY:    JIM HOOD, ATTORNEY GENERAL
         STATE OF MISSISSIPPI

BY:    *s/ Krissy Nobile*
      Harold E. Pizzetta, III, Bar No. 99867
      Krissy Nobile, Bar No. 103577
      Office of the Attorney General
      Post Office Box 220
      Jackson, Mississippi 39205
      Telephone: (601) 359-3860
      Facsimile: (601) 359-2003
      hpizz@ago.state.ms.us
      knobi@ago.state.ms.us

BY:    *s/ Nicholas F. Morisani*
      Gary E. Friedman, Bar No. 5532
      W. Thomas Siler, Jr., Bar No. 6791
      Nicholas F. Morisani, Bar No. 104970
      Phelps Dunbar, LLP
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      Telephone: 601-352-2300
      Facsimile: 601-360-9777
      Gary.Friedman@phelps.com
      Nick.Morisani@phelps.com

BY:    *s/ Michael J. Bentley*
      Michael J. Bentley, Bar No. 102631
      Megan B. Conner, Bar No. 102030
      Molly M. Walker, Bar No. 100689
      Bradley Arant Boult Cummings, LLP
      Post Office Box 1789
      Jackson, Mississippi 39215-1789
      Phone: (601) 948-8000
      Fax:   (601) 948-3000
      mbentley@babc.com
      mconner@babc.com
      mmwalker@babc.com

**ATTORNEYS FOR THE DEFENDANT**

## **CERTIFICATE OF SERVICE**

I, *Nicholas F. Morisani*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Dated: February 8, 2018.

*/s/ Nicholas F. Morisani*
Nicholas F. Morisani