IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE DOCKERY, ET AL.**                                            **PLAINTIFFS**

VS.                                    CIVIL ACTION NO. 3:13-cv-326-WHB-JCG

**PELICIA HALL, ET AL.**                                                **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on two Motions in Limine that have been filed by Plaintiffs in this Section 1983 case that challenges the constitutionality of the conditions of the prison in which they are housed. Having considered the pleadings, as well as supporting and opposing authorities, the Court enters the following rulings.

### I.  Discussion

**A.  Motion in Limine to Exclude Criminal Histories**

Plaintiffs move to preclude Defendants from introducing evidence regarding the criminal histories of their witnesses. Plaintiffs also indicate that "[t]o the limited extent that witnesses' criminal conviction histories are admissible for impeachment purposes are admissible for impeachment purposes under Federal Rule of Evidence 609(a), [they] will stipulate to the facts of those convictions." See Mem. in Supp. [Docket No. 593], 1.

Under Rule 609(a) of the Federal Rules of Civil Procedure: The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and ...
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Here, although Plaintiffs have offered to stipulate to the facts underlying any conviction that is admissible for impeachment purposes, the Court may not be able to determine whether a conviction is admissible under Rule 609(a) without first knowing the facts underlying the charges for which the witness was convicted.[1]  See e.g. United States v. Cathey, 591 F.2d 268, 276 (5th Cir. 1979)(recognizing that certain crimes, regardless of the manner in which they are classified, "involve dishonesty or false statement" and "that it is necessary to look at the basis of the conviction to determine whether the crime involved dishonesty

---

[1] Plaintiffs' argument that admissibility of prior convictions requires a Rule 403 balancing of relevance and prejudice is not well taken.  See e.g. Savarese v. Pearl River navigation, Inc., 2010 WL 3070376, at *1 (E.D. La. Aug. 2, 2010)(finding, that in the context of a bench trial, "excluding relevant evidence under Rule 403 on the basis of unfair prejudice 'is a useless procedure.'").

2

rather than merely categorize the offense."); FED. R. EVID. 609 cmt. 1990 (advising that "[o]rdinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement. Where the deceitful nature of the crime is not apparent from the statute and the face of the judgment – as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly – a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted."). See also United States v. Jefferson, 623 F.3d 227, 234 (5th Cir. 2010)(concluding that a conviction for obstruction of justice was admissible under Rule 609(a) because the indictment underlying that conviction showed the charges were predicated on false statements and deceit). Accordingly, Plaintiffs' Rule 609(a) challenge will be denied, without prejudice thereby permitting Plaintiffs' to raise any 609(a) objection they feel is justified on a witness-by-witness basis during trial.

Next, Plaintiffs seek to exclude the conviction histories of their witnesses under Rule 404(b) of the Federal Rules of Evidence, which generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as

motive, opportunity, or knowledge."  Here, because the Court does not presently know the nature of the criminal histories, it cannot determine whether they may bear upon any relevant issue in this case.  Accordingly, Plaintiffs' Rule 404(b) challenge will be denied, without prejudice thereby permitting Plaintiffs' to raise any 404(b) objection they feel is justified on a witness-by-witness basis during trial.

Finally, Plaintiffs seek to exclude the conviction histories of their witnesses under Rule 611 of the Federal Rules of Evidence, which provides guidance to the Court with respect to the examining of witnesses and presenting of witnesses.  Specifically, Plaintiffs argue that because they have agreed to stipulate the facts underlying any witnesses' criminal convictions, additional evidence regarding those convictions would have no probative value, be time consuming, and potentially subject the witnesses to harassment or undue embarrassment.  Because the Court has already found that the offering of stipulated facts may be insufficient for the Court to determine the admissibility of the criminal histories of the witnesses, this challenge is denied.

**B.   Motion in Limine to Exclude Post-Discovery Changes to Prison Policies or Practices**

Plaintiffs seek to exclude any evidence regarding any alleged changes in conditions at East Mississippi Correctional Facility ("EMCF") that occurred after July 14, 2017, the date on which

4

discovery in this case closed. The Court finds that because the current state of conditions at EMCF is probative on the issue of whether injunctive relief is warranted in this case, which is the only remedy sought in this case, Plaintiffs' Motion in Limine should be denied. See Brown v. Platt, 563 U.S. 493, 523-24 (2011)(finding lower court did not err in admitting evidence of recent prison conditions that was "limited to the issue of remedy".); Kress v. CCA of Tenn., LLC, 2011 WL 3154804, at *2 (S.D. Ind. July 26, 2011)(recognizing that the PLRA permits "injunctive relief [to] be instituted only as 'necessary to correct a current and ongoing violation'", and that injunctive relief was not appropriate in a case in which a current and ongoing violation of constitutional rights did not exist at the time the injunction would have entered). Accordingly, this Motion in Limine will be denied.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine to Exclude Criminal Histories of Witnesses [Docket No. 592] is hereby denied, with the caveat that Plaintiffs may raise any Rule 609(a) and/or Rule 404(b) objections they feel are justified on a witness-by-witness basis during trial.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine to

Exclude Post-Discovery Changes to Prison Policies or Practices [Docket No. 594] is hereby denied.

SO ORDERED this the 15th day of February, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
