THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE DOCKERY, *et al.*,

    Plaintiffs,

v.

PELICIA HALL, *et. al.*,

    Defendants.

Civil Action No. 3:13cv326-WHB-JCG

### PRETRIAL ORDER

1.    Choose [by a ✔ mark] one of the following paragraphs, as is appropriate to the action:

✔  *If a pretrial conference was held*

    A pretrial conference was held as follows:

    Date: February 15, 2018    Time: 9:30 a.m.

    United States Courthouse at:
        Jackson, Mississippi,

    before the following judicial officer:
        District Judge Barbour

*If the pretrial conference was dispensed with by the court pursuant to L.U.Civ.R. 16(f)(2)*

    The final pretrial conference having been dispensed with by the judicial officer, the parties have conferred and agree upon the following terms of this pretrial order:

2.    The following counsel appeared:

    **a.**    For the Plaintiffs:

Ravi Doshi
Anna Q. Han
Covington & Burling LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Phone: 202-662-5620
rdoshi@cov.com
ahan@cov.com
(admitted *pro hac vice*)

Erin K. Monju
Benjamin R. Salk
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Phone: 212-841-1000
emonju@cov.com
bsalk@cov.com
(admitted *pro hac vice*)

Gretchen Hoff Varner
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Phone: 415-591-6000
ghoffvarner@cov.com
(admitted *pro hac vice*)

Jody E. Owens, II, MS Bar #102333
Elissa Johnson, MS Bar #103852
Chelsea Caveny, MS Bar #105300
Sarah D. Bidinger, MS Bar #105015
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
Phone: 601-948-8882
Fax: 601-948-8885
jody.owens@splcenter.org
elissa.johnson@splcenter.org
chelsea.caveny@splcenter.org
sarah.bidinger@splcenter.org

Elizabeth Alexander
Law Offices of Elizabeth Alexander
1416 Holly St., NW
Washington, DC 20012
Phone: 202-291-3774
elizabethalexander@lawofficesofelizabethalexander.com
(admitted *pro hac vice*)

Eric G. Balaban
Carl Takei
Gabriel B. Eber
Rekha Arulanantham
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: 202-393-4930
ebalaban@aclu.org
ctakei@aclu.org
geber@aclu.org
rarulanantham@aclu.org
(admitted *pro hac vice*)

    **b.**    For the Defendants:

| Name | Postal and Email Addresses | Telephone No. |
|------|----------------------------|---------------|

Krissy Nobile, Bar No. 103577
Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3860
knobi@ago.state.ms.us

Michael J. Bentley, Bar No. 102631
Molly M. Walker, Bar No. 100689
Bradley Arant Boult Cummings, LLP
Post Office Box 1789
Jackson, Mississippi 39215-1789
Phone: (601) 948-8000
Fax:    (601) 948-3000
mbentley@babc.com
mmwalker@babc.com

W. Thomas Siler, Jr., Bar No. 6791
Nicholas F. Morisani, Bar No. 104970
Phelps Dunbar, LLP
4270 I-55 North
Jackson, Mississippi 39211-6391
Telephone: 601-352-2300
Facsimile: 601-360-9777
Nick.Morisani@phelps.com

MDOC Commissioner Pelicia Hall

MDOC Counsel Leonard Vincent

3.     The pleadings are amended to conform to this pretrial order.

4.     The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

    See Complaint.

5.     The basis for this court's jurisdiction is:

3

       This action arises under the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

6.    The following jurisdictional question(s) remain(s) [If none, enter "None"]:

       None.

7.    The following motions remain pending [If none, enter "None"] [Note: Pending motions not noted here may be deemed moot]:

       [568] Motion for Court Tour

8.    The parties accept the following **concise** summaries of the ultimate facts as claimed by:

       Omitted.

9.   **a.**   The following facts are established by the pleadings, by stipulation, or by admission:

       Omitted.

    **b.**   The contested issues of fact are as follows:

       Omitted.

    **c.**   The contested issues of law are as follows:

       Omitted.

10.   The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.**

**The parties have agreed to the following evidentiary stipulations:**

    1. The parties agree that all medical records and other protected health information (PHI) will be filed under seal for the limited purpose of protecting identifying information of patients. The parties agree that they may use the contents of such PHI and cite to them in court pleadings as long as prisoners are only identified by their initials. The parties further agree to refer to prisoners by initials in court proceedings and briefing and provide the Court with a key of names related to each exhibit filed under seal. The parties further agree that any exhibits displayed in open court will either have

       prisoner name(s) redacted or the party will request that the exhibit is not published to the gallery. The parties agree that these requirements related to referencing prisoners in open court or in pleadings by their initials shall only apply when the reference is to prisoners' PHI and does not apply where reference is made to other information regarding prisoners other than their PHI.

2. Unless otherwise expressly agreed in this Order, the Parties will abide by the applicable protective order governing this case.

3. Consistent with the discussion during the February 27, 2018, Telephone Conference with the Court, the parties stipulate to the authenticity of documents produced during discovery but the parties reserve the right to object to any exhibit presented by the other party at trial on the basis of admissibility, including, but not limited to, on the grounds of relevancy (FRE 401), hearsay (FRE 801(2)), lacking specificity (FRE 901), not being original or being improper (FRE 1002). Each party further agrees to work in good faith to produce to the opposing party as soon as practicable any proposed exhibit with respect to which the opposing party represents that either (1) it cannot identify the exhibit based on the description provided or (2) it does not have the exhibit in its possession.

4. The parties object to additions to the exhibit lists after entry of this pre-trial order without leave granted by this Court.

    **a.**    To be offered by the Plaintiff:

            Plaintiffs' exhibit list is attached.

            See Section 10(3) above.

    **b.**    To be offered by the Defendant:

            Defendant's exhibit list is attached.

            See Section 10(3) above.

            The parties also submit a joint exhibit list, which is attached.

11. The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

The parties have agreed to a weekly exchange of demonstratives. The party who is presenting their case will provide any demonstratives to the opposing party by 6:00 p.m. C.S.T. on Thursday. The opposing party must raise any objections and submit any demonstratives they will use by noon on Saturday, and any objections to those demonstratives must be raised by 6:00 p.m. C.S.T. on Sunday. Failure to meet these deadlines will result in waiver of the demonstrative or objection, as applicable, unless the late party obtains the written consent of the opposing party or the Court finds good cause for its failure to meet the deadline.

Where a party will use an object or scientific or technical equipment as part of a demonstrative, the proffering party will provide a photo that is a true and accurate representation of the object or equipment and a brief description of the equipment and its specifications according to the deadlines regarding demonstratives stated above. The parties agree to make the equipment or item available to the opposing party at a mutually agreeable time. The opposing party reserves all objections until it has had an opportunity to examine the equipment.

Objections, if any, to use of the preceding objects are as follows:

The Parties reserve the right to object to the offered demonstratives based on the agreed exchange and objection schedule. Further, until each Party is given an opportunity to inspect the other's demonstratives to determine if they are a fair and accurate representation of the information contained therein, each Party objects to their use and publication to the Court.

12. The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

Plaintiffs' witness list is attached.

13. The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

Defendant's witness list is attached.

The parties agree to the following stipulations regarding witnesses:

1. Plaintiffs will file a specific writ ad testificandum regarding any incarcerated witness or class representative that will be present at trial based on the deadline set by the Court. The parties agree to coordinate, based on the trial schedule and estimated witness testimony, the necessary transport of anyone who is in the custody of the MDOC. Plaintiffs will identify and/or confirm, no later than the end of the prior business day, which prisoners are needed to be present in Court the following day.

2. The parties agree to exchange demonstratives based on the schedule outlined above under Paragraph 11. The party who is presenting will provide a witness list for the upcoming week by Thursday of the prior week. For the first week of trial, Plaintiffs will provide its witness list by March 1. The Plaintiffs will provide demonstratives that will be used during witness testimony of the first week of trial by 8:00 p.m. on Friday, March 2. Defendant will raise any objections and submit any demonstratives it may use by noon on Sunday, March 4, and Plaintiffs reserve the right to object until the start of trial on Monday, March 5. In all subsequent weeks, the parties will follow the schedule referenced above regarding objections and identifying demonstratives.

3. Defendant agrees to produce any current employee of MDOC or Centurion listed on Plaintiffs' witness list as of February 26, 2018 without the requirement of a subpoena; however, Defendant does not agree to produce any current employee of MTC without the requirement of a subpoena.

4. Each Party reserves the right to object to any witness offered by the other party, including, but not limited to, the timeliness of that witness's identification, designation of any particular witness as a May Call or Will Call, or the calling of any particular witness by deposition rather than by live testimony.

14. This (✔) _____ is   ___✔___ is not a jury case.

15. Counsel suggests the following additional matters to aid in the disposition of this civil action:

    The parties have engaged in settlement discussions, which were unsuccessful and did not result in a resolution of this matter.

16. Counsel estimates the length of the trial will be ___35___ days.

17. As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the 5th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE


s/Elissa Johnson
Attorney for Plaintiff


s/Nick Morisani
Attorney for Defendant


Entry of the preceding Pretrial Order is recommended by me on this, the _____ day of

_____, 20_____.

_____
UNITED STATES MAGISTRATE JUDGE

8