## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JERMAINE DOCKERY, ET AL.**             **PLAINTIFFS**

**VS.**             **NO.: 3:13-CV-0326-WHB-JCG**

**PELICIA HALL, ET AL.**             **DEFENDANTS**

### MDOC's RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER RULING LIMITING PLAINTIFFS' EXPERT TESTIMONY

Defendants Pelicia Hall, et al. (collectively "MDOC") oppose Plaintiffs' motion to reconsider the Court's ruling limiting Plaintiffs' expert Eldon Vail to the opinions offered in his report. (Doc. 635).

### BACKGROUND

In January 2018, well after the close of discovery, Plaintiffs moved to supplement all six of their expert reports—including the report of Eldon Vail. The Court denied that motion because Plaintiffs did not offer any satisfactory explanation for their delay; the Court also explained that allowing supplementation after MDOC had fully briefed its *Daubert*, dispositive, and class-decertification motions would prejudice MDOC. Doc. 596. Plaintiffs did not seek reconsideration of that order.

Instead, during Mr. Vail's testimony on March 7, 2018, Plaintiffs attempted to elicit opinions by Mr. Vail about conditions at the prison in 2017 and attempted to have him base whatever opinions he might have on the very facts and data that this Court held that he could not rely on when offering his opinions at trial. MDOC objected to this end run by Plaintiffs, and the Court sustained the objection. As the Court noted, Mr. Vail's opinions are limited to pre-2017 conditions discussed in his

report, so Mr. Vail's discussion *of documents* generated after that cutoff would be of no probative value to the Court.

Plaintiffs now ask this Court to reconsider its ruling holding Mr. Vail to his report and permit them to recall Mr. Vail so that he can offer new opinions that were not disclosed in his report.  The motion should be denied.

## RESPONSE ARGUMENT

While this Court retains discretion to revisit its prior rulings during trial, it exercises that discretion only in three circumstances:  (1) an intervening change in law; (2) the availability of new evidence not previously available; and (3) the need to correct clear error or prevent manifest injustice.  *Bulley v. Fid. Fin. Servs. of Miss., Inc.*, 2000 WL 1349184, *2 (S.D. Miss. Sept. 8, 2000).[1]  "[A] motion for reconsideration should not be a second attempt to 'sway the judge,' which is an improper use of . . . such a motion."  *Id.*

Plaintiffs offer three reasons for revisiting the Court's ruling limiting Mr. Vail to the opinions in his report.  None of them warrant reconsideration.

*First*, Plaintiffs argue that Mr. Vail should be permitted to offer new expert opinions about conditions in 2017 and base those opinions on documents generated in 2017 because, they believe, doing so will support their attempt to meet the strict deliberate indifference standard established in *Farmer v. Brennan*, 511 U.S. 825 (1994).  The Court addressed this very argument in its order denying the late

---

[1] While the Rule 59(e) standard is not technically applicable to interlocutory rulings, courts look to the standard as a guide for their discretion.  *Thompson v. Pearson*, 2010 WL 4716758, *1 n.1 (S.D. Miss. Nov. 15, 2010).

supplementation of Mr. Vail's opinions, and the Court found no basis to dispute the importance of the proposed testimony. Doc. 596 at 6. The probative value of Mr. Vail's new opinions is beside the point. His opinions were limited because Plaintiffs violated the rules of civil procedure, this Court's scheduling order, and fundamental fair-trial principles by springing his new opinions—along with five other untimely supplemental expert opinions—on MDOC in such prejudicial fashion.

*Second*, Plaintiffs argue that Mr. Vail's testimony about the records would not be hearsay because expert witnesses may rely on hearsay when offering their opinions. Again, Plaintiffs have missed the point of the Court's ruling. If Mr. Vail were going to offer *expert opinions* about conditions in 2017, then he might be able to rely on hearsay documents. But he is *prohibited from offering such 2017 opinions* because they would be outside his report. The Court's hearsay ruling was correct: With no expertise to offer on the subject, Mr. Vail is just a man from Washington talking about documents of which he has no personal knowledge. (As the Court is aware, Plaintiffs' have already presented—and will continue to present—inmates who do have personal knowledge of current conditions in the prison.)

*Third*, Plaintiffs contend that MDOC "opened the door" to Mr. Vail's new opinions about conditions in 2017. This too is wrong. As demonstrated by Plaintiffs' own transcript citations, MDOC's counsel simply did his best to *hold Mr. Vail to his report* by having him confirm, at appropriate points during his testimony, that he does not have any knowledge of current conditions at MDOC. In other words,

MDOC's counsel did his best to prevent Mr. Vail from making an end run around this Court's prior ruling limiting his testimony to his report.

Finally, Plaintiffs suggest that the Court's ruling is "deeply prejudicial" because—in their inverted view of this case—*MDOC has the burden* to demonstrate "cessation of unconstitutional conduct" and Mr. Vail's testimony would be used to show that MDOC cannot "carry that burden" in this case.  Of course, Plaintiffs bear the burden in this prison-wide Eighth Amendment class action.  To meet their heavy burden, Plaintiffs must demonstrate that prison officials are acting with a state of mind akin to criminal recklessness—that they are consciously disregarding a serious and pervasive risk of harm to all prisoners.  *Farmer*, 511 U.S. at 838-39.

Mr. Vail has said what he has to say on this subject, and Plaintiffs' motion to reconsider should be denied.

Respectfully submitted:  March 9, 2018.

BY:   *s/ Michael J. Bentley*

Michael J. Bentley, Bar No. 102631
Molly M. Walker, Bar No. 100689
Bradley Arant Boult Cummings, LLP
188 East Capitol Street
Post Office Box 1789
Jackson, Mississippi 39215-1789
Phone:  (601) 948-8000
mbentley@bradley.com
mmwalker@bradley.com

BY:   *s/ Nicholas F. Morisani*
Gary E. Friedman, Bar No. 5532
Nicholas F. Morisani, Bar No. 104970
Phelps Dunbar, LLP
4270 I-55 North

Jackson, Mississippi 39211-6391
Telephone: 601-352-2300
Gary.Friedman@phelps.com
Nick.Morisani@phelps.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I, Michael J. Bentley, do hereby certify that on March 9, 2018, I electronically filed the above and foregoing motion with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.


*/s/ Michael J. Bentley*
An Attorney for Defendants