IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


JERMAINE DOCKERY, ET AL.                                      PLAINTIFFS


VS.                                    CIVIL ACTION NO. 3:13-cv-326-WHB-JCG


PELICIA HALL, ET AL.                                         DEFENDANTS


OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion to
Reconsider by which they request that the Court reconsider its
evidentiary ruling of March 7, 2018, by which their expert witness,
Eldon Vail ("Vail"), was precluded from offering certain testimony
at trial.  Having considered the pleadings, the prior Orders of the
Court, as well as supporting and opposing authorities, the Court
finds the Motion is not well taken and should be denied.


I.  Discussion

Relevant to the Motion before the Court, the Docket shows that
Vail submitted an expert report on December 29, 2016, and a
rebuttal report on March 23, 2017.  No supplementation was made to
the reports prior to the close of discovery.  In January of 2018,
Plaintiffs sought to supplement Vail's reports to include expert
opinions based on his review of depositions, documents, and other
materials produced during the discovery period or shortly
thereafter.  The Court denied leave to supplement on findings, that

while Vail's expert opinions were important, (1) Plaintiffs had not provided satisfactory explanation for their failure to earlier seek leave to supplement, (2) Defendants would be substantially prejudiced if the supplementation were allowed, and (3) that a continuance was not an available remedy based on the circumstances of this case. See Opinion and Order [Docket No. 596].

On March 7, 2018, during the bench trial of this case, Plaintiffs sought, on redirect examination, to elicit testimony from Vail regarding the conditions existing at East Mississippi Correctional Facility ("EMCF") after December 29, 2016, the date on which his expert report was submitted. According to Plaintiffs, Vail's opinions would have been based on his review of "documents, videos, and deposition testimony concerning conditions throughout 2017." Mot. for Recon. [Docket No. 635], 1. Defendants' objection to Vail's proposed opinion testimony was sustained. Plaintiffs now request that the Court reconsider that evidentiary ruling.

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure. Under this Rule, an order may be altered or amended in cases in which: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the order in question; or (3) an intervening change in controlling law occurred. See Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted). Plaintiffs argue that

reconsideration is warranted because the Court erred in excluding Vail's testimony regarding conditions at EMCF that were based on his review of discovery materials received after his initial December 2016 expert report was submitted.

First, Plaintiffs argue that the Court erred in barring Vail's testimony because "his opinions regarding the conditions at EMCF were well-founded through late 2017, based on his review of documents and deposition testimony which are of the sort that correctional administrators review in assessing whether a prison meets minimum standards." Mot. for Recon., 2. The Court, however, has already ruled that Vail's expert report could not be supplemented to include opinions based on his review of discovery materials received after his initial report was submitted because Plaintiffs failed to timely supplement, or seek leave to supplement that report. Because Vail's expert report was not supplemented to include opinions based on materials reviewed after his initial expert report was filed in December of 2016, Plaintiffs are not permitted to offer those opinions at trial. See FED. R. CIV. P. 37(c)(1)("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial ..."). Plaintiffs' arguments that Vail's proposed testimony is relevant and adds value to their claim that they were subjected to a substantial risk of serious harm at EMCF "well into 2017", see

Mot. for Recon., 3, do not, in and of themselves, warrant the admission of his otherwise barred expert opinions.  See Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990)("The importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.").

On review, because Plaintiffs did not timely supplement Vail's expert report to include opinions based on his review of documents and other materials produced during discovery, and because the rules of civil procedure preclude an expert witness from offering testimony regarding opinions that are not timely disclosed, the Court finds it did not err in making the challenged evidentiary ruling.  As the Court finds Vail's proposed expert testimony was properly excluded based on Plaintiffs' failure to timely supplement his expert report, the Court does not consider Plaintiffs' hearsay-related argument.

Next, Plaintiffs argue that the Court erred in barring Vail from offering testimony regarding opinions not included in his initial expert report on the grounds that Defendants had "opened the door" for the admission of that testimony.  In support of their argument, Plaintiffs cite to several questions that defense counsel posed to Vail that they claim "opened the door" for opinions/testimony based on the discovery materials he reviewed in 2017.  See Mot. for Recon., 4 n.1.  The majority of the cited questions, however, query Vail's knowledge of EMCF at the time he

was testifying. See id. n.4 (citing questions posed by defense counsel, including: "Today, as we sit here, do you know what the population of 1 Charlie consists of?"; "And do you know what the population of 6 Delta is today in 2018?"; "Do you know anything about those pods and the inmates – the classification of inmates in those pods as you sit here today in 2018?"). Because the questions posed by defense counsel specifically pertain to aspects of EMCF on the day that Vail was testifying, the Court finds these questions did not "open the door" for the admission of opinions regarding the conditions existing at that facility that were predicated on the discovery materials produced in 2017.

In support of their Motion, Plaintiffs also argue that the door was opened based on the following responses given by Vail during cross examination: (1) he had "reviewed documents up through 2017", (2) he had "a pretty current sense of at least what happened last year", (3) that he had "watch[ed] the use of force videos from 2017 [and] read incident reports from 2017", and (4) he did "not see any substantial change in the level of dangerousness at that facility." Id. Reviewing these responses in relation to the questions posed by defense counsel, the Court finds two things apparent. First, these responses do not directly answer the questions that were posed to Vail regarding whether he had actual knowledge regarding the conditions that existed at EMCF on the day he was testifying. Second, Vail's cited responses – which again do

not mention the conditions existing at EMCF on the day he testified, but instead focus on incident reports and use of force videos from 2017, and his general belief that EMCF remained as dangerous in 2017 as it was earlier, are blatant attempts by him to open the door of admissibility himself. In other words, defense counsel did not ask any question to Vail regarding conditions at EMCF in 2017. Instead, Vail interjected this answer himself in response to unrelated questions. As there has been no showing that defense counsel posed any questions on cross examination by which the door for admitting Vail's opinions regarding the conditions at EMCF based on his review of the discovery materials produced in 2017, the Court finds Plaintiffs have failed to show that the Court erred in barring that testimony at trial.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration [Docket No. 635] is hereby denied.

SO ORDERED this the 12th day of March, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
