FOR THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE DOCKERY, et al.,

        Plaintiffs,

v.                                      Civil Action No. 3:13-cv-00326-WHB-JCG

PELICIA HALL, et al.,

        Defendants.

**PLAINTIFFS' MOTION FOR LEAVE TO EXAMINE EXPERT WITNESSES
REGARDING NEW DOCUMENTS DISCLOSED
BY DEFENDANT ON THE EVE OF TRIAL**

**I.    Introduction**

On the eve of trial, between February 21, 2018 and March 1, 2018, Defendant produced tens of thousands of pages of documents related to medical and mental health care at EMCF.

Plaintiffs consented to the placement of these documents on the Joint Exhibit List expecting they would be able to use the documents as freely as Defendants. On March 13, however, Defendant informed Plaintiffs of its position: that Defendant may use these late-produced documents for any purpose whatsoever, but Plaintiffs' expert witnesses cannot reference these exhibits during their case in chief. Defendant is improperly using its own late disclosure as both sword and shield, knowing that this evidence is important to Plaintiffs' case. Accordingly, Plaintiffs seek leave to permit their expert witnesses to discuss the significance and meaning of Defendant's late-produced exhibits during their case in chief.

**II.    Argument**

This Motion does not seek to revisit the Court's previous decisions denying leave to file supplemental expert reports and testify on redirect based on documents produced in 2017. In

those other orders, the Court relied on the fact that Plaintiffs waited five months after receiving additional discovery to seek leave to supplement its reports. (ECF Nos. 596 & 659.) In contrast, the instant Motion relates solely to expert testimony regarding a wholly different set of documents produced by Defendant on the eve of trial. Plaintiffs' experts have been reviewing Defendant's late-produced documents as trial proceeds; Plaintiffs could not have sought this relief any earlier.

To permit Defendant to use the testimony of its own officials to interpret these late-produced medical and mental health documents, while barring Plaintiffs from having a similar opportunity, would be fundamentally unfair. The documents include a new medical and mental health staffing plan dated February 1, 2018 (Joint Exhibit JTX-67), monthly medical auditing documents covering all of 2017 (Joint Exhibits JTX-70, JTX-71, JTX-72, JTX-73, JTX-74, JTX-75, JTX-76, JTX-77, JTX-78, JTX-79, JTX-145, JTX-146), an annual mental health audit dated December 2017 (Joint Exhibit JTX-68), and updated medical records (Joint Exhibits JTX-80 thru 144, and JTX-147-155). Plaintiffs concede that they are admissible and relevant to the medical and mental health issues in this case, but seek this relief because Defendant's eve-of-trial production creates a grave risk of unfair prejudice to Plaintiffs. *See Hawthorne v. Truck Trailer & Equip., Inc.*, No. 3:11-cv-518-CWR-FKB, 2013 WL 3213093, at *3 (S.D. Miss. June 26, 2013) (allowing a supplemental expert report based upon newly discovered information); *Ferman v. Double J Marine, LLC*, No. CV 15-3941, 2016 WL 9330712, at *2 (E.D. La. July 6, 2016) (same). *See also Chilcutt v. United States*, 4 F.3d 1313, 1324 (5th Cir. 1993) (affirming sanctions for defendant's eve-of-trial disclosure of evidence). And while the Court's February ruling barred Plaintiffs' experts from relying on certain documents produced in early and mid-

2017, it would be profoundly unfair to expand that ruling into being a limitless, permanent ban that bars Plaintiffs' experts from quickly reacting to Defendant's own late disclosures.[1]

Good cause for Plaintiffs' motion exists under the test set forth in *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Plaintiffs could not have sought leave earlier because the documents at issue were never disclosed by Defendants until shortly before trial. The testimony is important to Plaintiffs' trial presentation, as it is highly relevant to Plaintiffs' medical and mental health claims—particularly to the issue of current and ongoing harm. Finally, the prejudice to Plaintiffs of excluding this testimony is severe. It would be deeply unfair to permit Defendants to rely on these documents, and to favorably introduce them through their own medical and mental health staff, without permitting Plaintiffs to counterbalance this presentation with context and analysis through their own expert witnesses. Especially in the highly technical context of the medical and mental health claims, Plaintiffs must be afforded the chance for their expert witnesses to contextualize and make full use of these Joint Exhibits. *See, e.g., Beard v. Banks*, 548 U.S. 521, 534 (2006) (affirming summary judgment in favor of prison officials on the ground that prisoners "did not offer any fact-based or *expert-based* refutation" of prison officials' arguments) (emphasis added).

The relief sought by Plaintiffs is the only way to cure the prejudice of Defendant's extremely late disclosure. The usual remedy of a trial continuance is obviously inappropriate under the circumstances, as Plaintiffs wish to continue presenting their case in chief. Meanwhile, exclusion of the documents would provide no real relief to Plaintiffs, since Defendant could simply provide live witnesses testifying to the same underlying facts.

---

[1] Defendant may respond that no prejudice exists because Plaintiffs will have the opportunity to re-call their expert witnesses in rebuttal. However, Plaintiffs should have the right to control the presentation of their own case-in-chief, particularly given that Plaintiffs bear the burden of proof, the documents constitute admissions by Defendant pursuant to Fed. R. Evid. 801(d)(2), and Defendant is the party that chose to disclose these documents so late.

As the Court observed in its order denying Plaintiffs' Motion in Limine to Exclude Post-Discovery Changes to Prison Policies or Practices, Plaintiffs bear the burden of establishing a "current and ongoing violation" of their rights. (ECF No. 601.) However, Defendant benefits from a major information asymmetry because it runs the prison, controls access to it, and has a monopoly on medical and mental health treatment inside the prison. Accordingly, Plaintiffs must rely on the documents disclosed by Defendant—as interpreted through the professional knowledge, training, and experience of their expert witnesses—to meet their burden of proof.

Accordingly, Plaintiffs respectfully request leave to examine their expert witnesses regarding these documents in their case in chief.

RESPECTFULLY SUBMITTED, this 14th day of March, 2018.

Benjamin R. Salk (admitted *pro hac vice*)
Mark P. Gimbel (admitted *pro hac vice*)
Erin Monju (admitted *pro hac vice*)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-841-1000

Gretchen Hoff Varner (admitted *pro hac vice*)
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Phone: 415-591-6000

Ravi Doshi (admitted *pro hac vice*)
Anna Q. Han (admitted *pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW Washington, DC 20001
Phone: 202-662-6000

Chelsea Caveny, MS Bar # 105300
Jody E. Owens, II, MS Bar # 102333
Elissa Johnson, MS Bar #103852
Sarah D. Bidinger, MS Bar #105015
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
Phone: 601-948-8882; Fax: 601-948-8885

/s/ Carl Takei
Gabriel B. Eber (admitted *pro hac vice*)
Eric G. Balaban (admitted *pro hac vice*)
Carl Takei (admitted *pro hac vice*)
Rekha Arulanantham (admitted *pro hac vice*)
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Phone: 202-393-4930; Fax: 202-393-4931

Elizabeth Alexander *(admitted pro hac vice*)
Law Offices of Elizabeth Alexander
1416 Holly Street NW
Washington, DC 20012
Phone: 202-291-3774

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Carl Takei, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

SO CERTIFIED, this 14th day of March, 2018.

s/Carl Takei