**FOR THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

JERMAINE DOCKERY, et al.,

          Plaintiffs,

        v.                  Civil Action No. 3:13-cv-00326-WHB-JCG

PELICIA HALL, et al.,

          Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MDOC'S MOTION TO EXCLUDE OR
LIMIT PLAINTIFFS' PROPOSED REBUTTAL EXPERT TESTIMONY**

---

Plaintiffs submit this opposition to Defendant Mississippi Department of Correction's motion to exclude Plaintiffs' proposed rebuttal witnesses or, alternatively, to limit their rebuttal testimony to any new opinions by Defendant's experts.  The motion should be denied for several reasons.  First, it is premature.  Defendant asks the Court to rule based on speculation about the substance of testimony that has yet to occur.  Defendant may, and should, simply raise any objections at the time of the expert's testimony.  Second, Plaintiffs' intended presentation of a rebuttal case via their previously-disclosed expert witnesses is fully consistent with the law. Defendant's argument to the contrary rests on a mistaken reading of the relevant legal standards. Finally, the Court has already ruled on several occasions that Plaintiffs will be afforded the opportunity to put on a rebuttal case, and Defendant has been on notice for some time of Plaintiffs' intent to do so.  For example, the Court has already held that Plaintiffs would be allowed "in the interest of . . . fairness and the unusual nature of this case . . . to call some of your witnesses back if you want to and address what has come up in the defendant's case in chief."  Trial Tr. vol. 34, 92:3-6.  This decision to allow Plaintiffs a rebuttal case is squarely within the Court's discretion

to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a).

LEGAL STANDARD

Whether to allow or disallow evidence in rebuttal is a matter within the trial court's discretion, reviewable only for abuse. *Goldsby v. United States*, 160 U.S. 70, 73 (1895) ("it was purely within the sound judicial discretion of the trial court to allow [rebuttal testimony], which discretion, in the absence of *gross abuse*, is not reviewable here" (emphasis added)); *United States v. Sanchez*, 988 F.2d 1384, 1393 (5th Cir. 1993).  The Court also has the discretion to control the scope of the evidence. *United States v. Dotson*, 799 F.2d 189, 194 (5th Cir. 1986).

ARGUMENT

## I.     Defendant's Motion is Premature and Unnecessary.

Defendant argues that Plaintiffs' proffered rebuttal witnesses' "testimony will be cumulative and constitute an improper attempt to bolster Plaintiffs' case-in-chief." Mot. at 2.  Of course, neither Defendant nor the Court can know that without actually hearing the testimony.  For their part, Plaintiffs do not intend to present cumulative or improper testimony.

If Defendant has an objection to specific testimony, it should raise that objection at the time of the testimony, when the Court can make an informed decision about whether the testimony is cumulative or improper.  This is consistent with the Court's practice at various other times during this trial.  For instance, before trial began, the Court denied two of Plaintiffs' motions in limine and noted in both cases that Plaintiffs should "raise any . . . objection they feel is justified on a witness-by-witness basis during trial."  Order, ECF No. 601, at 3-4 (Feb. 15, 2018).[1]

---

[1] *See also* Trial Tr. vol. 31, 6:18-23 ("You will just have to make your objections when whoever you want to make an objection to is on the stand. I'm not going to place restraints on the defendant's witnesses in advance.  It's highly unusual, and I don't see any need to do that or reason to do that particularly since this

2

It is neither necessary nor appropriate for the Court to rule on Defendant's concerns preemptively, without knowing what Plaintiffs' witnesses intend to say. This is particularly true because, in this instance, there is no risk of unnecessarily prolonging the proceedings by denying this motion. At most, Plaintiffs intend to put on four witnesses whose testimony should cumulatively consume less than one trial day. The parties have already agreed that they will present closing arguments on Monday, April 9 and Plaintiffs' rebuttal case will not jeopardize that schedule.

## II.   Plaintiffs' Expert Witnesses Were Properly Disclosed and Will Offer Proper Rebuttal Testimony.

Plaintiffs' rebuttal witnesses are all experts who were properly disclosed under Rule 26. Each witness has submitted a detailed report containing his or her expert opinions about conditions at the East Mississippi Correctional Facility. Their rebuttal testimony will simply address the newly disclosed facts which came to light during Defendant's case, and consider whether the additional facts presented by Defendant change their existing opinions.

Nonetheless, Defendant asserts that Plaintiffs "may not offer new expert opinions to counter fact-witness testimony about current conditions at EMCF," and that Plaintiffs may only "call rebuttal *fact witnesses*" to address new facts. Mot. at 3 (emphasis original). Defendant provides no support for the claim that an expert witness cannot rebut new facts, probably because there are no controlling cases from the Fifth Circuit or any Court of Appeals to that effect. Instead, Defendant cites inapposite cases concerning "late experts" – i.e., experts who were *never* disclosed – and Federal Rule of Civil Procedure 26(a)(2)(D), which concerns "rebuttal experts," that is,

---

is a bench trial and I can straighten it out when something arises."); Trial Tr. vol. 33, 20:12-17 ("I'm not going to rule in advance on everything. If you think he's out of his field, raise an objection. I can't anticipate what the man is going to say.").

experts proffered "*solely* to contradict or rebut evidence on the same subject matter" provided by another party's expert witness.  Fed. R. Civ. P. 26(a)(2)(D) (emphasis added).  These authorities are inapplicable to Plaintiffs' rebuttal witnesses, each of whom disclosed his or her opinions more than a year ago.  Plaintiffs seek to offer the rebuttal testimony of these witnesses simply to apply new facts to these existing opinions.  Such testimony is wholly proper and nothing in Rule 26 provides otherwise.

Likewise, neither the Federal Rules nor case law supports Defendant's notion that an expert witness may only be called to rebut a new expert opinion.  *See* Mot. at 3.  Indeed, there is support to the contrary.  *See, e.g.*, *Benedict v. United States*, 822 F.2d 1426, 1430 (6th Cir. 1987) (abuse of discretion for a district court to exclude rebuttal expert testimony refuting new factual data presented on defense case).  This is not surprising, as an expert witness's testimony is simply *evidence*, and that testimony may include both facts and opinions.  *See Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir. 1986) ("an expert's opinion or interpretation of evidence is itself evidence"); Fed. R. Evid. 703 (an expert witness may testify and opine "on facts or data in the case that the expert has been made aware of or personally observed"); Fed. R. Evid. 702 (an expert witness "may testify in the form of an opinion *or otherwise*" (emphasis added)).

Defendant's cited authorities do not support its argument, and actually undermine it.  For example, Defendant says *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679 (5th Cir. 1991) stands for the proposition that "a rebuttal expert is limited to addressing *new* theories or opinions offered at trial by a defendant's expert."  Mot. at 3 (emphasis original).  But *Cates* does nothing of the sort.  In *Cates*, the Fifth Circuit held, in relevant part, that the district court did not abuse its discretion by declining to allow rebuttal testimony that was only a "more detailed and comprehensive explanation of earlier testimony."  928 F.2d at 685.  Even so, the *Cates* court cast some doubt on

the district court's decision, observing that it "might have allowed this evidence were [it] the *nisi prius* court." *Id.*

Defendant also cites *Rodriguez v. Olin Corp.*, which actually supports Plaintiffs' right to call their rebuttal witnesses here.  In *Rodriguez*, the Fifth Circuit found that it was reversible error for the district court to exclude the rebuttal testimony of an expert witness who had testified on the plaintiff's case-in-chief and sought to rebut evidence introduced on defendant's case.  780 F.2d at 496; *see also Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981) (holding that it was reversible error "to refuse to allow appellants' expert to testify as a rebuttal witness").  In concluding that the expert should have been permitted to be recalled on rebuttal, the *Rodriguez* court observed that "a plaintiff[] has the right to adduce whatever evidence is necessary to establish its prima facie case and is under no obligation to anticipate and negate in its own case in chief any facts or theories that may be raised on defense."  780 F.2d at 496.  The same principle applies here: Plaintiffs' expert witnesses were not obligated to anticipate all new evidence that Defendant might assert in its case, and should now be allowed to explain to the Court how that new evidence fails to undermine the opinions they have offered.

Finally, Defendant adopts an entirely too-narrow standard for what evidence is sufficiently "new" to justify Plaintiffs' presentation of rebuttal witnesses.  It asserts that the only "new" evidence is "the conversion of Unit 7 into an acute mental health unit in February 2018."  Mot. at 4.  Certainly, this is one appropriate topic for rebuttal testimony, but it is not the only one.  In order to be a proper subject for rebuttal, evidence need not relate to a wholly new condition that literally never existed until the eve of trial (although that describes Unit 7 at EMCF).  Instead, "[l]ogic and fairness" has led the Fifth Circuit

> to conclude that new evidence for purposes of rebuttal does not
> mean "brand new."  Rather, evidence is new if, under all the facts

5

> and circumstances, the court concludes that the evidence was not
> fairly and adequately presented to the trier of fact before the
> defendant's case in chief.

*Rodriguez*, 780 F.2d at 496.  In other words, Plaintiffs may present rebuttal evidence not only about "brand new" conditions, like Unit 7, but about any evidence that "was not fairly and adequately presented" until Defendant put on its case.  Any testimony reflecting practices, policies, or other information that was not known to Plaintiffs at the outset of the case is fair grounds for rebuttal testimony.

For instance, when called by Defendant, Warden Frank Shaw testified that he has updated staffing levels to include 177 correctional officers, *see* Trial Tr. vol. 31, 44:6-9, and that he participates in Continuous Quality Improvement meetings with Centurion staff, *see* Trial Tr. vol. 32, 8:14-9:1.  Similarly, Dr. Patrick Arnold, the prison's site medical director, was not hired until after the close of discovery.  Before trial, very little had been disclosed to Plaintiffs about any of Dr. Arnold's practices or the quality of care he provides.  Much of his testimony therefore covered new subjects and information that Plaintiffs could not address on their case in chief.  As just one example, Dr. Arnold testified that he performs peer reviews of family nurse practitioners.  *See* Trial Tr. vol. 35, 14:18-20.  All of these facts were previously unknown to Plaintiffs and were not adequately presented to the trier of fact before Defendant's case in chief.  They are proper grounds for rebuttal testimony.

## III.   The Court is Within its Discretion to Permit Plaintiffs' Rebuttal Witnesses.

The Court has broad discretion to manage the trial proceedings, including "the mode and order of examining witnesses and presenting evidence."  Fed. R. Evid. 611(a).  Consistent with this discretion, the Court has indicated on multiple occasions that Plaintiffs' expert witnesses would have an opportunity to rebut testimony and evidence introduced during Defendant's case,

including in the Court's April 3 ruling from the bench on Plaintiffs' motion regarding the newly-disclosed Unit 7, or "acute care unit," ECF No. 742.[2]

In light of the Court's frequent statements throughout trial about likely rebuttal testimony, including by Plaintiffs' experts, it simply is not credible for Defendant to claim that it is being "ambush[ed]" by Plaintiffs' rebuttal case.  Mot. at 4.  To be clear: on rebuttal, Plaintiffs do not intend to elicit entirely new opinions from their expert witnesses.  Plaintiffs simply intend to inquire of the witnesses how, if at all, the *new evidence* adduced during Defendant's case-in-chief impacts their previously disclosed opinions.  That introduces no risk of unfair prejudice or surprise to Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude or Limit Plaintiffs' Proposed Rebuttal Expert Testimony should be denied.


RESPECTFULLY SUBMITTED, this 5th day of April, 2018.

<table>
<tr><td></td><td>/s/ Benjamin R. Salk</td></tr>
<tr><td>Jody E. Owens, II, MS Bar #102333</td><td>Benjamin R. Salk (admitted <em>pro hac vice</em>)</td></tr>
<tr><td>Elissa Johnson, MS Bar #103852</td><td>Mark P. Gimbel (admitted <em>pro hac vice</em>)</td></tr>
<tr><td>Chelsea Caveny, MS Bar #105300</td><td>Erin Monju (admitted <em>pro hac vice</em>)</td></tr>
<tr><td>Sarah D. Bidinger, MS Bar #105015</td><td>Covington & Burling LLP</td></tr>
<tr><td>Southern Poverty Law Center</td><td>The New York Times Building</td></tr>
<tr><td>111 E. Capitol Street, Suite 280</td><td>620 Eighth Avenue</td></tr>
<tr><td>Jackson, MS 39201</td><td>New York, NY 10018</td></tr>
<tr><td>Tel:  601-948-8882 || Fax:  601-948-8885</td><td>Tel:  212-841-1000</td></tr>
</table>

---

[2] *E.g.*, Trial Tr. vol. 18, 13:3-22 ("[I]f the defendants in their case in chief raise issues that deal with things that are as you describe, why is that not a matter for rebuttal testimony from your experts at that point?"); Trial Tr. vol. 34, 91:5-92:20 ("[Y]ou also are going to have the opportunity to reopen your case to answer anything new that has come up of this nature with that.").

Eric G. Balaban (admitted *pro hac vice*)
Gabriel B. Eber (admitted *pro hac vice*)
Carl Takei (admitted *pro hac vice*)
Rekha E. Arulanantham
     (admitted *pro hac vice*)
National Prison Project of ACLU
915 15th Street, NW, 7th Floor
Washington, DC 20005
Tel:  202-393-4930 || Fax: 202-393-4931

Elizabeth Alexander (admitted *pro hac vice*)
Law Offices of Elizabeth Alexander
1416 Holly Street, NW
Washington, DC 20012
Tel:  202-291-3774

Gretchen Hoff Varner (admitted *pro hac vice*)
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Tel:  415-591-6000

Ravi Doshi (admitted *pro hac vice*)
Anna Q. Han (admitted *pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Tel:  202-662-6000

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin R. Salk, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice will be sent by electronic mail to all parties by the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

SO CERTIFIED, this 5th day of April, 2018.

/s/  Benjamin R. Salk_____
Benjamin R. Salk