FOR THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE DOCKERY, et al.,

    Plaintiffs,

v.                               Civil Action No. 3:13-cv-00326-WHB-JCG

PELICIA HALL, et al.,

    Defendants.

**PLAINTIFFS' NOTICE OF FILING CASES SUPPORTING CLOSING ARGUMENT**

    Pursuant to the Court's invitation on April 9, 2018 to file a list of the cases the parties each cited in their closing arguments, along with brief summaries of those cases, Plaintiffs hereby submit their summaries to the Court.

- *Farmer v. Brennan*, 511 U.S. 825 (1994), comprehensively sets forth the requirements for proving that a defendant in an injunctive challenge to conditions of confinement violates the Eighth Amendment: specifically, the conditions of confinement must present an objectively substantial risk of serious harm (*id.* at 842), and the defendant must have actual knowledge of that risk (*id.*), yet fail to respond reasonably to that risk (*id.* at 844-45); in addition, plaintiffs may prove that a defendant had knowledge of that risk by reliance on "inference from circumstantial evidence" and by "the very fact that the risk was obvious (*id.* at 842); lastly, the parties may rely on evidence that postdates discovery to establish the continued existence of that risk (*id.* at 844-45).

- *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004), is the leading Fifth Circuit case concerning Eighth Amendment challenges to prison conditions of confinement and contains several relevant holdings: first, "[p]rison officials must provide humane conditions of

1

confinement," namely, they must ensure that inmates receive adequate food, clothing, shelter, and medical and mental health care, and must take reasonable measures to ensure inmates' safety (*id.* at 322); second, an Eighth Amendment violation can be established by a combination of conditions of confinement as long as they have a mutually enforcing effect that produces a depravation of a single identifiable human need, such as safety (*id.* at 333); and third, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," unless the defendant meets the "heavy burden" of establishing that the unconstitutional conduct "could not reasonably be expected to recur" (*id.* at 337).

- *Beck v. Lynaugh*, 842 F.2d 759 (5th Cir. 1988) supports the principle that a prison official cannot disclaim responsibility for unconstitutional conditions of confinement solely because they may be a consequence of prisoners' conduct, with the court holding that the district court did not use the correct standard when it held that, because prisoners had broken windows, "there was no evidence that any harm was caused maliciously or deliberately by responsible people," 842 F.2d at 761.

- In *Brown v. Plata*, 563 U.S. 493 (2011), the Supreme Court affirmed class-wide relief to all California state prisoners based on the state's failure to provide them with adequate medical and mental health care (*id.* at 501–02), noting that, "[i]f government fails to fulfill this obligation, the courts have a responsibility to remedy the resulting Eighth Amendment violation" (*id.* at 511), and counseling that "[c]ourts faced with the sensitive task of remedying unconstitutional prison conditions must consider a range of available options, including appointment of special masters or receivers and the possibility of consent decrees" (*id.*) while giving the state "considerable latitude to find mechanisms

and make plans to correct the violations in a prompt and effective way consistent with public safety" (*id.* at 543) (*also citing Lewis v. Casey*, 518 U.S. 343, 362-63 (1996), which provides that, after finding liability, the district court must give the defendants the first opportunity to develop a proposal for the proper relief).

- *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167 (2000), holds that a defendant arguing that it has voluntarily ceased unconstitutional conduct has the "heavy burden" of persuading the court that the challenged conduct cannot reasonably be expected to recur in order to assert mootness and avoid a finding as to the legality of the conduct (*id.* at 170).

- *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976) states, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment" (*id.* at 104).

- *Coleman v. Wilson*, 912 F. Supp. 2d 1282 (E.D. Cal. 1995), holds that a prison's policies and practices violated the Eighth Amendment where they resulted in the placement of prisoners with serious mental illness in solitary confinement "without any evaluation of their mental status, because such placement will cause further decompensation, and because inmates are denied access to necessary mental health care while they are housed in administrative segregation and/or segregated housing" (*id.* at 1320).

- *Ruiz v. Johnson*, 37 F. Supp. 2d 855 (S.D. Tex. 1999) (rev'd on other grounds, *Ruiz v. United States*, 243 F.3d 941 (5th Cir. 2001)) holds that a prison's use of solitary confinement violated the Eighth Amendment when utilized to "house mentally ill inmates-inmates whose illness can only be exacerbated by the depravity of their confinement" (*id.* at 915).

3

- *Quintanilla v. Bryson*, No. 17-14141, 2018 WL 1640140 (11th Cir. Apr. 5, 2018) holds that a prisoner's allegations concerning prolonged placement in solitary confinement can adequately state a claim for a violation of the Eighth Amendment (*id.* at *6).

- *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010), holds – indeed, "readily conclude[s]" – that a prison's "repeated non-spontaneous use of chemical agents" against a mentally ill prisoner who was unable to comply with orders due to his mental state "constituted an extreme deprivation sufficient to satisfy the objective prong" of the *Farmer* Eighth Amendment standard.  (*id.* at 1310–11).

- *J.H. et al, v. Hinds Co., Miss.*, 3:11–cv–00327–DPJ–FKB, No. 33 (S.D. Miss. Mar. 28, 2012) approves a settlement agreement in a class action against Hinds County, regarding the conditions of confinement at the Henley-Young Juvenile Detention Center; settlement included appointment of an expert to document, evaluate, and report to the Court regarding the facility's compliance with the terms of the settlement agreement (*id.* at 19 – 21).

- *DePriest et al, v. Walnut Grove Corr. Auth. et al*, 3:10–cv–00663–CWR–FKB, No. 75 (S.D. Miss., Mar. 26, 2012) approves a settlement agreement in a class action regarding the conditions of confinement at the Walnut Grove Youth Correctional Facility; settlement involved the appointment of three monitors tasked with tracking compliance with the terms of two consent decrees entered as part of the settlement, and reporting this information to the Court (*id.* ECF 75-1 at 15–16; ECF 75–3 at 12–13).

- *M.T. et al, v. Forrest Co., Miss.*, 2:11–cv–00091–KS–MTP, text order (S.D. Miss. Mar. 6, 2012) appoints an independent monitor in a class action regarding the conditions of confinement at the Forrest County Juvenile Detention Center; the monitor was tasked

4

with documenting the facility's efforts to implement the Agreed Order in the case, and filing reports with the Court (*id.*).

RESPECTFULLY SUBMITTED, this 13th day of April, 2018.

| | |
|---|---|
| | s/ Eric Balaban |
| Benjamin R. Salk (admitted *pro hac vice)* | Eric Balaban (admitted *pro hac vice)* |
| Mark P. Gimbel (admitted *pro hac vice)* | Gabriel Eber (admitted *pro hac vice*) |
| Erin Monju (admitted *pro hac vice)* | Carl Takei (admitted *pro hac vice*) |
| Covington & Burling LLP | Rekha Arulanantham (admitted *pro hac vice*) |
| The New York Times Building | National Prison Project of ACLU |
| 620 Eighth Avenue | 915 15th Street, NW, 7th Floor |
| New York, NY 10018 | Washington, DC 20005 |
| Phone: 212-841-1000 | Phone: 202-393-4930; Fax: 202-393-4931 |
| | |
| Gretchen Hoff Varner (admitted *pro hac vice)* | Jody E. Owens, II, MS Bar # 102333 |
| Covington & Burling LLP | Elissa Johnson, MS Bar #103852 |
| One Front Street | Chelsea Caveny, MS Bar # 105300 |
| San Francisco, CA 94111 | Sarah D. Bidinger, MS Bar #105015 |
| Phone: 415-591-6000 | Southern Poverty Law Center |
| | 111 E. Capitol Street, Suite 280 |
| Ravi Doshi (admitted *pro hac vice)* | Jackson, MS 39201 |
| Anna Q. Han (admitted *pro hac vice)* | Phone: 601-948-8882; Fax: 601-948-8885 |
| Covington & Burling LLP | |
| 850 Tenth Street, NW Washington, DC 20001 | Elizabeth Alexander *(admitted pro hac vice*) |
| Phone: 202-662-6000 | Law Offices of Elizabeth Alexander |
| | 1416 Holly Street NW |
| | Washington, DC 20012 |
| | Phone: 202-291-3774 |
| | |
| | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I, Eric Balaban, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

    SO CERTIFIED, this 13th day of April, 2018.

                                                            s/Eric Balaban_____

                                                            Eric Balaban