IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE DOCKERY, ET AL.**                                   **PLAINTIFFS**

VS.                                                        NO.: 3:13-CV-0326-WHB-JCG

**PELICIA HALL, ET AL.**                                       **DEFENDANTS**

### MDOC's APPEAL OF MAGISTRATE JUDGE's OCTOBER 10, 2018 ORDER GRANTING EXPERT DISCOVERY

Pursuant to Local Rule 72(a)(1), Defendants Pelicia Hall, et al. (collectively "MDOC") appeal the magistrate judge's order granting Plaintiffs' requests for expert discovery. MDOC requests a hearing and oral argument on its appeal.

### BACKGROUND

The parties disagree over the scope of expert discovery permitted by this Court's August 24, 2018 Order temporarily staying this case, and that disagreement remained unresolved when the parties appeared before this Court for a settlement conference on September 20, 2018.

At that settlement conference, the parties reached an agreement regarding expert discovery: MDOC would produce certain categories of documents requested by Plaintiffs' experts (the "Settlement Discovery") and Plaintiffs would voluntarily stay their Motion to Compel Written Discovery Responses (Doc. 776), which sought to compel MDOC to produce 26 categories of documents. The parties' Settlement Discovery agreement was memorialized in a series of text orders, as well as letters exchanged by the parties. *See* Exhibit A. Since that agreement was reached on September 20, Plaintiffs' Motion to Compel has been held in abeyance.

1

In the run-up to Plaintiffs' expert inspections in October, Plaintiffs began demanding access to a significant number of documents that are beyond the scope of what MDOC understood to be the agreed on Settlement Discovery. These new requests precipitated objections by MDOC to both the length of the inspections and the new document requests. In response, Plaintiffs filed an Emergency Motion to Compel Expert Tours and Access to Documentation During Expert Tours (Docs. 782 & 783). MDOC opposed Plaintiffs' emergency motion to compel. *See* Doc. 785.

On October 10, the magistrate judge granted Plaintiffs' emergency motion to compel expert tours of EMCF and access to documents during those tours. Doc. 786 (Compel Order). The Compel Order allows four-day expert inspections by each of Plaintiffs' four expert witnesses and provides that, during those inspections, MDOC "shall make available for inspection and review, upon request, categories of documents that Plaintiffs will reasonably identify to Defendant." *Id*. The order does not place any express limitations on the categories of documents that Plaintiffs' may request, meaning that—if applied literally—Plaintiffs' may demand any and every category of document imaginable.[1]

Almost immediately after the Compel Order (Doc. 786) was entered, Plaintiffs sent four demand letters related to expert discovery. *See* Exhibit B. Those letters demanded documents that are outside the scope of the Settlement Discovery that was agreed upon by the parties. In MDOC's view, if the magistrate judges' Compel Order

---

[1] The magistrate judge *did not rule* on Plaintiffs' September 20 Motion to Compel Written Discovery Responses (Doc. 776), which was stayed pursuant to the discovery agreement brokered by the magistrate judge at the September 20 settlement conference.

2

extends so far as to require production of these documents, then the order would effectively grant Plaintiffs' stayed Motion to Compel Written Discovery Responses (Doc. 776) before MDOC ever has a chance to respond to that motion.

MDOC does not believe that the magistrate judge intended for his order to sweep so broadly. Therefore, MDOC finds it necessary to file this appeal which seeks to clarify the scope of expert discovery permitted by the Court's stay order and, specifically, seeks relief on document production only.[2] MDOC does not appeal the magistrate judge's ruling on the length of the expert inspections.

## RELIEF SOUGHT ON APPEAL

MDOC seeks three forms of relief on appeal:

*First*, MDOC requests that the Court reverse the magistrate judge's Compel Order to the extent it compels MDOC to produce documents outside of the scope of the parties' September 20 agreement on Settlement Discovery.

*Second*, in the interests of permitting an expedited ruling, MDOC requests that the Court dispense with any further briefing on appeal. Instead, the Court may rely on the briefs and exhibits already on file, including: Plaintiffs' Emergency Motion to Compel Expert Tours and Access to Documentation During Expert Tours and supporting brief (Docs. 782 & 783) and MDOC's Response in Opposition to Plaintiffs' Emergency Motion to Compel (Doc. 785).

*Third*, MDOC requests an expedited hearing and oral argument on its appeal.

---

[2] MDOC has simultaneously delivered a good faith letter to Plaintiffs, requesting that they withdraw all discovery requests that exceed the scope of the parties' September 20 agreement.

3

## CONCLUSION

For the reasons set forth above, MDOC appeals the magistrate judge's Compel Order and requests that this Court reverse the order to the extent it compels MDOC to produce documents beyond the scope of the parties' September 20 agreement on Settlement Discovery. MDOC also requests an expedited hearing and oral argument on its appeal.

Respectfully submitted: October 16, 2018.

BY: *Michael J. Bentley*

    Michael J. Bentley, Bar No. 102631
    Molly M. Walker, Bar No. 100689
    Bradley Arant Boult Cummings, LLP
    188 East Capitol Street
    Post Office Box 1789
    Jackson, Mississippi 39215-1789
    Phone: (601) 948-8000
    Fax:     (601) 948-3000
    mbentley@bradley.com
    mmwalker@bradley.com

BY: Nicholas F. Morisani
    Gary E. Friedman, Bar No. 5532
    W. Thomas Siler, Jr., Bar No. 6791
    Nicholas F. Morisani, Bar No. 104970
    Phelps Dunbar, LLP
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Telephone: 601-352-2300
    Facsimile: 601-360-9777
    Gary.Friedman@phelps.com
    Nick.Morisani@phelps.com

**ATTORNEYS FOR DEFENDANT**

5

**CERTIFICATE OF SERVICE**

      I, Michael J. Bentley, do hereby certify that on October 16, 2018, I electronically filed the above and foregoing motion with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                          *Michael J. Bentley*
                                          An Attorney for Defendants