IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE DOCKERY, et al.**                                          **PLAINTIFFS**

v.                                          **CIVIL ACTION NO. 3:13-cv-326-WHB-JCG**

**PELICIA HALL**, et al.                                            **DEFENDANTS**

## ORDER

BEFORE THE COURT is Plaintiffs' Motion (ECF No. 802) for Specific Performance of the Court's October 30, 2018 Order (ECF No. 794). In the October 30th Order, the following documents were at issue: "use of force reports (UOFs) and certain documents in prisoners' custodial files—administrative remedy program documents (ARPs), rule violation reports (RVRs), and segregation records." Finding that the requested discovery was relevant and proportional to the needs of the case, the Court ordered MDOC to "provide the requested UOFs, ARPs, RVRs and segregation reports" by close of business on October 31, 2018[1] (ECF No. 794).

Plaintiffs have now filed a Motion for Specific Performance, alleging that the Defendants have refused to produce any segregation records other than those contained in the prisoners' electronic medical records (EMR) (ECF No. 802). In their Response (ECF No. 803), Defendants contend that the present Motion should be denied because (1) Plaintiffs did not seek any segregation records in their original Motion (ECF No. 791); (2) although Plaintiffs included segregation records in their Reply to the original Motion (ECF No. 793), they did not seek segregation records

---

[1] The Court extended this deadline to 5:00 PM on November 2, 2018 after the Defendant's filed an Emergency Motion for Additional Time to Fully Comply with the Court's Order (ECF No. 795).

outside of the EMR; and (3) Plaintiffs' experts did not previously rely on these segregation reports.

With respect to these arguments, Plaintiffs' original Motion sought various documents from the prisoners' custodial files. Although they provided some examples, they did not include an exhaustive list (ECF No. 791). After the Parties resolved some of the issues in the Motion, Plaintiffs' Reply clarified what discovery they still sought. This discovery included segregation records contained in prisoners' custodial files (ECF No. 793). The Court's Order (ECF No. 794) was not limited to segregation reports contained in the prisoners' EMR; instead, Defendants were ordered to produce the segregation reports contained in the prisoners' custodial files. Finally, Plaintiffs' original Motion (ECF No. 791) sought "documents of the sort that Plaintiffs' experts previously relied upon . . . ." The Court has not limited the Plaintiffs to the exact documents previously relied upon. The segregation reports contained in the prisoners' custodial files are relevant and requiring the Defendants to produce them is proportional to the needs of the case.

**IT IS, THEREFORE, ORDERED** that the Defendants are compelled to provide the requested segregation records contained in the prisoners' custodial files by close of business today, November 27, 2018.

**SO ORDERED**, this the 27th day of November, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE