```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**JERMAINE DOCKERY, ET AL.**                                                 **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:13-cv-326-WHB-JCG**

**PELICIA HALL, ET AL.**                                                      **DEFENDANTS**

### ORDER

The subject lawsuit was filed on behalf of prisoners confined at the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi, which houses prisoners with mental health problems. In their Complaint, Plaintiffs allege that multiple conditions existing at EMCF violate their Eighth Amendment right to be free from cruel and unusual punishment, and they seek to redress these violations under 42 U.S.C. § 1983.  The relief requested includes that Defendants be ordered to "eliminate the substantial risks of serious harm" that have allegedly resulted from, *inter alia,* inadequate medical and mental health care, unsanitary environmental conditions, the use of excessive force by EMCF personnel, and the use of isolated confinement.

Plaintiffs identify seven areas in which the alleged constitutional violations arise. The first area is "Solitary Confinement".  As to this area, Plaintiffs allege that the rights of those placed in solitary confinement or isolation are violated based on the following actions/conditions:

(1) they are denied mandatory, daily out-of-cell time;
(2) they are housed in filthy, vermin-infested cells that do not have functional lights or plumbing fixtures;
(3) they are beaten and/or ignored by prison staff; and
(4) they are at a substantial risk of prisoner-on-prisoner violence

The second area is "Mental Health Care". As to this area, Plaintiffs allege that their rights are violated based on the following actions/conditions:

(1) they have *de minis* contact with psychiatrists;
(2) they are given little opportunity to discuss their symptoms or problems with mental health care providers;
(3) they are prescribed medications without first being evaluated or assessed by an adequately trained mental health care provider;
(4) they receive little, if any, individual or group mental health treatment;
(5) they are over-medicated with tranquilizing anti-psychotic medications;
(6) the symptoms of their mental disorders are exacerbated by the conditions under which they are confined; and
(7) they are subjected to disciplinary actions if they attempt to seek medical help

The third area is "Medical Care". As to this area, Plaintiffs allege that their rights are violated based on the following actions/conditions:

(1) EMCF has insufficient medical staff to provide treatment to prisoners;

(2) they are often required to wait long periods of time to be seen by healthcare providers, and even longer to be seen by outside specialists;

(3) they are often treated by nurse practitioners (not physicians) regardless of the nature or seriousness of their medical problems;

(4) they do not always receive prescribed medications and/or receive them in an untimely manner;

(5) they are denied treatment for acute or chronic pain and other medical conditions;

(6) they receive inadequate dental care; and

(7) they are denied the treatment(s) and corrective surgeries recommended by outside specialists

The fourth area is "Abuse and Excessive Force by Staff". As to this area, Plaintiffs allege that their rights are violated based on the following actions/conditions:

(1) security officers at EMCF often use excessive force with impunity and with no oversight;

(2) prison staff receives insufficient training;

(3) prison staff uses chemical agents and physical force without warning, in the absence of immediate threat of danger or resistance from the prisoners, and without consideration of the prisoners' pre-existing medical or mental-health problems; and

(4) prison staff denies requests for medical care by prisoners who have been subjected to physical force or chemical agents

The fifth area is "Failure to Protect Prisoners From Violence". As to this area, Plaintiffs allege that their rights

are violated based on the following actions/conditions:

(1) EMCF fails to protect prisoners from extortion, bodily and sexual assaults, and threats of violence from other inmates;
(2) EMCF staff actively arranges and enables prisoner-on-prisoner violence; and
(3) EMCF acts with deliberate indifference to prisoner-on-prisoner violence by failing to maintain properly functioning safety equipment, failing to have adequate personnel; failing to remove weapons and dangerous objects from prisoners, and failing to remove prisoners from potentially dangerous situations

The sixth area is "Sanitation and Environmental Conditions". As to this area, Plaintiffs allege that their rights are violated based on the following actions/conditions:

(1) there are multiple broken toilets, sinks, and showers throughout EMCF;
(2) food, excrement, and other debris litters inmate cells and units;
(3) there is an abundance of soot and often smoke from prisoner-started fires;
(4) prisoners are required to wear clothing and sleep on bedding that has become saturated because of faulty water pipes; and
(5) there is poor ventilation throughout the facility, and air ducts and vents are not routinely cleaned.

The final area is "Nutrition and Food Safety". As to this area, Plaintiffs allege that their rights are violated based on the

4

following actions/conditions:

(1) they are deliberately underfed and malnourished; and
(2) food in the prison is prepared and served in an unsanitary manner

As previously discussed, during the bench trial in this case it became evident that numerous changes had been made at EMCF after the lawsuit was filed, and that many of the changes directly bear on Plaintiffs' claims.  See Opinion and Order [Docket No. 767]. That changes have been made at EMCF is further evidenced by the supplemental expert reports filed by the parties.

In order to conclude this lawsuit, the Court finds Plaintiffs should first be required to expressly identify which, if any, of the above-enumerated bases continue to exist at EMCF, and continue to result in the constitutional-rights violations about which they complain.  Any basis that is not expressly identified will be deemed corrected, and treated as having been withdrawn/abandoned by Plaintiffs.  Second, Plaintiffs should be required to cite to the evidence in the record that shows the manner in which each identified basis presents a continuing constitutional violation. Finally, Plaintiffs should be required to identify the injunctive relief they claim would remedy the alleged violation(s). Defendants will thereafter be granted the opportunity to either concede the constitutional violations identified by Plaintiffs, or cite to evidence in the record to refute their claims.

In furtherance of this ruling:

5

IT IS THEREFORE ORDERED that Plaintiffs, on or before April 16, 2019, shall file a Memorandum Brief (1) identifying the conditions that continue to exist at EMCF that they claim result in the constitutional-rights violations about which they complain; (2) citing evidence in the record that supports their claims; and (3) identifying the injunctive relief necessary to remedy the alleged violation(s).

IT IS FURTHER ORDERED that Defendants, on or before May 7, 2019, shall file a Memorandum Brief in response to the Brief filed by Plaintiffs.

SO ORDERED this the 26th day of March, 2019.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE